Parker, C. J.
The plaintiff in this case, having in a former action established his right to possession of the land on the trial in a writ of entry, would be entitled to maintain this action for the mesne profits, but for the act of the legislature, commonly called the limitation and settlement act (1); and we are now to decide, whether under that law he has still a right to this action.
It probably was not the intention of the legislature to leave the tenant exposed to this action, after the terms had been * adjusted by the jury, on which he was entitled to hold, [ * 315] or should be obliged to abandon the land. The jury are required to ascertain the value of the lands as wholly unimproved, and *276 the value of the improvements made by the tenant, as they should be at the time of trial.
If the demandant in such case should elect to abandon the land and receive the estimated value, the tenant becomes a purchaser at an agreed price, for the consent of the demandant is necessary to transmit a title to the tenant. On such an election he certainly could not maintain trespass for mesne profits ; because be would have no judgment for possession, and because he has agreed to sell his land at a price which supposes it has suffered nothing in the hands of the tenant ; who must in such case be supposed to pay the full value of the land, as if it had never been cleared and no crops had been taken from it.
On the other hand, if the demandant elects to take the land, paying the value of the improvements made by the tenant, he must be considered as waiving all right to recover any thing of the tenant for past profits ; for the value of the improvements to the tenant must be composed of the labor and expense he has bestowed upon the land in clearing and fencing it, and erecting buildings thereon ; and, when the demandant agrees to pay him therefor, it seems necessarily to be implied that he does not consider him as a trespasser, and that he relinquishes any claim for the profits or use of those improvements which he thus agrees to purchase.
Considering the object of the legislature in passing this statute, which, whether mutually beneficial and just, it is not for us to inquire, it cannot be supposed that they intended to leave the settlers exposed to an action which would in many cases deprive them of any advantage from a provision established for their benefit. For in many cases it might happen that the damages in such action would exceed the actual value of the improvements at the time of the trial, and the settler would obtain nothing for those improvements.†

Plaintiff nonsuit.

 Stat. 1807, c. 74.

 Heath vs. Wells, 5 Pick. 140.