IN THE

# SUPREME JUDICIAL COURT,

FOR THE

## COUNTY OF OXFORD,

### 1850.

---

## THACHER AND FEARING *versus* JONES AND AYER.

The fifteenth section of R. S. ch. 146, limiting to one year, the time in which actions may be brought for a forfeiture upon a penal statute, does not apply to suits brought under the 49th sec. of ch. 148, for aiding a debtor in the fraudulent concealment of his property.

In such an action, it must appear for the plaintiff, that he was a creditor, both at the time of the fraudulent concealment and of the commencement of the action, and also that he continued between said periods to be so.

But it is not essential that, during all the time between those periods, his relation to the debtor should remain unchanged. A continuing conditional liability might be sufficient.

Thus, if, at the time of the fraudulent concealment, he held the debtor's note, and afterwards negotiated the same by an indorsement, upon which he was conditionally liable, until he again became the holder, such liability would constitute a sufficient continuity of creditorship.

In an action of tort, wherein the defendants have severally pleaded the general issue, a verdict which finds one of them to be " not guilty," and is silent as to the others, may, *as it seems*, be received and affirmed.

CASE, founded on Revised Statutes, chap. 148, sect. 49, for aiding and assisting one Buck, on the 15th of August, 1846, in a fraudulent transfer and concealment of certain property, to defraud his creditors. The writ is dated August

25, 1848. The general issue was pleaded severally by the defendants, with the statute of limitations.

Evidence as to the facts alleged, was presented to the jury.

The plaintiffs, to prove themselves creditors, introduced certain notes, made by said Buck, payable to themselves or order. Upon the back of the notes, the words, " pay the within to T. Ludden, or his order. Thacher & Feering," had been written, and erased by having a line drawn through them. By whom they were written or erased, did not appear. The defendants put in two docket entries of the District Court, for November Term, 1847, viz. : — " 284. Timothy Ludden v. Ambrose Buck and Peleg T. Jones, Trustee. Trustee discharged, and recovers no cost. 283. Peter Thacher and A. C. Feering and Ambrose Buck."

The Judge instructed the jury, *that* the plaintiffs must prove themselves to have been creditors of Buck at the time of the fraudulent transfer or concealment ; *that* they have continued to be such from that time until now ; *that* if, at any time, they had parted with the ownership of said notes, their remedy under the statute was gone, although they may be the owners of the notes now ; *that*, if the plaintiffs had indorsed the notes and transferred and negotiated them, even if in the ordinary form, by which notes are indorsed, then the plaintiffs cannot maintain this action. He also, at the plaintiffs' request, instructed the jury that, the notes being now found in the hands of the plaintiffs, the erased indorsement upon them, and the entry of an action upon the docket, " Timothy Ludden v. Ambrose Buck and Trustee," unsupported by other proof, afforded no legal evidence that the plaintiffs have ever parted with their interest or property in said notes.

The jury returned a verdict that Ayer was not guilty, which was affirmed.

The plaintiffs excepted.

*May* and *Codman*, for the plaintiffs.

1. There was error in the instruction, that the plaintiff could not recover, if they had negotiated the notes, though by an indorsement in the common form, even if they had again become the owners.

While standing as indorsers, they were liable to pay the amount; and for aught that appears, they had been obliged to pay them upon the indorsement. This liability constituted the relation of creditors within this statute. Sect. 49; *Howe* v. *Ward*, 4 Greenl. 195.

2. The verdict was not entitled to be received. It was incomplete. It made no decision as to Jones. *Brockway* v. *Kenney*, 2 Johns. R. 260; *Bay* v. *Green*, 1 Denio, 108; *Perwitt* v. *Caruthers*, 7 How. Miss. 304; *Hannaball* v. *Spaulding*, 1 Root, 86; *Smith* v. *Raymond*, 1 Day, 189; *Grovesnor* v. *Elliott and wife*, 2 Hall, 161; *Lanesboro'* v. *County Commissioners of Berkshire*, 22 Pick. 281 and 282; *Anthony* v. *Same*, 14 Pick. 188.

How far, and under what circumstances, the courts have power to authorize a separate verdict, as to one of the defendants, in actions of tort, has been fully considered in *Moore* v. *Eldred*, 3 Hill, 104, and note *a ;* see also, *McMartin* v. *Taylor*, 2 Barbour, 356; *Gilmore* v. *Bowden*, 3 Fairf. 412.

The claim of the plaintiffs is joint, and the damages are joint, and would be jointly assessed against both defendants, if both had been found guilty. The verdict, therefore, should be entire.

" It is a principle of the common law, that the jury cannot find less than the whole issue before them, and if they do the verdict will be bad, and the whole must be set aside ;" and hence, if the issue whether four are guilty is submitted to a jury, and two be found guilty and two acquitted, the verdict as to the two who are guilty, cannot be set aside without affecting the validity of the finding, as to the other two. *Sawyer* v. *Merrill*, 10 Pick. 16.

*Clifford* and *Appleton*, for the defendants.

I. The action is barred by the statute of limitations. It is a penal action. Except for the case of *Quimby* v. *Carter*,

20 Maine, 218, we should have considered this ground decisive. But that decision was founded on another statute, and we respectfully submit, that the conclusion was arrived at by referring, through mistake, to the 34th sec. instead of the 49th sec. of c. 148. The same error seems to have influenced the case of *Philbrook* v. *Handly*, 27 Maine, 53.

II. The instruction as to the continuance of the plaintiffs' ownership of the notes is not objectionable. Their rights to recover in this suit is only of statutory origin.

It is only by virtue of being creditors, who have a just debt to be doubled, and who have been prevented from attaching or seizing the property fraudulently transferred, that they have any right of action. The moment they cease to be creditors, they cease to have ground of complaint or *cause* of action.

If the right of action once ceased, if the creditor voluntarily divested himself of all right, can he, by a purchase back of the notes regain his lost and abandoned rights? Once gone; they are forever gone.

The Judge then gave the requested instruction, as follows: — " That the notes being now found in the hands of the plaintiffs, the indorsement and erasure upon them, and the entry of an action upon the docket, " *Timothy Ludden* v. *Ambrose Buck & Trustee*," unsupported by other proof, afford no legal evidence, that the plaintiffs had *ever parted* with their interest or property in said notes, and that the mere assertion by the counsel of such fact is not evidence in the case."

This instruction was requested by plaintiff's counsel, and given as requested, and therefore furnishes no ground of complaint on their part. The verdict shows the jury acted upon and in accordance with it.

The charge, thus requested, withdrew from the jury, the question of the transfer of the notes, and is a positive instruction to the jury, that there was *no proof* of such alleged transfer.

The preceding instructions also became perfectly immaterial, because the jury *considered* the plaintiffs to have *been* con-

tinuing creditors, otherwise they would have found that *neither* of the defendants was guilty.

The plaintiffs' reply to this position is stated in the opinion.

III. The receiving of the verdict was in conformity to law.

SHEPLEY, C. J. — It is contended in defence, that this is a penal action, barred by statute ch. 146, § 15. The cases of *Quimby* v. *Carter*, 20 Maine, 218, and of *Philbrook* v. *Handley*, 27 Maine, 53, decide otherwise. It is supposed in argument, that there must have been some error committed in those cases in making reference to the thirty-fourth section of the statute ch. 148. No such error is perceived. The case provided for in the thirty-fourth section of the statute, is that of a concealment or transfer of personal property disclosed by a poor debtor upon his examination. The provisions of the forty-ninth section are sufficiently comprehensive, so far as it respects those aiding or assisting the debtor, to embrace the case specially provided for by the thirty-fourth section. There being a provision in the latter section, that payment of a judgment thus recovered should operate *pro tanto* as a satisfaction of the original debt, it was inferred, although not stated in words, as one of the reasons for the adopted construction of the forty-ninth section, that it could not have been the intention, that a payment of the judgment should so operate in one class and not in other classes if embraced by that section.

The person, who is authorized to maintain an action must, as already decided, be a creditor at the time of the fraudulent concealment or transfer. But the former cases did not decide, that he must at that time have a present right of action. He might be a creditor holding a note or bond not yet payable, and the concealment or transfer might have been designedly made to prevent an attachment, when his right of action should accrue. He might also have a conditional claim against his debtor by being a subsequent indorser on a negotiable promissory note, upon which he was a prior in-

dorser; or by being an indorser on one made by him, and the property might have been concealed or transferred to prevent its attachment on a demand anticipated as about to arise in that manner. When in such cases the right of action accrues, he may be such a creditor as the statute contemplates, and entitled to maintain an action by virtue of the statute.

He must not only be a creditor at that time, but he must continue to be a creditor. It is only in that character, that he can recover, and when he ceases to sustain that character he loses the right of action attached to it to recover double the amount of the debt or property. By becoming again the owner of the debt, he would acquire only the same rights, which any other purchaser of it would have. He could not again connect with it his character as a creditor at the time of the fraudulent concealment or transfer. After having once lost all right of action by virtue of the statute, he could not regain it by a subsequent purchase of the demand.

While he must continue to be a creditor, there does not appear to be any sufficient reason to require, that he should continue to be a creditor of the same class, or in one particular mode, or that his relations to the debtor should continue unchanged. If he preserves his character of creditor, whether by an absolute or a conditional claim or liability, so that he can when his claim becomes certain and payable, maintain an action against his debtor, he may also maintain one by virtue of the statute against those, who have aided or assisted him to conceal or transfer his property to prevent its attachment.

The instructions must therefore in one particular, be regarded as erroneous. The jury were instructed, that if they were satisfied " that the plaintiffs had indorsed the notes and transferred and negotiated them even if in the ordinary form, in which notes are indorsed, then the plaintiff could not maintain this action." The jury would be authorized to consider the ordinary form of indorsement to be such as would leave the plaintiffs liable as indorsers, and these instructions would prevent their recovery, unless they continued to be creditors in the same manner, although they continued to be such

creditors, as might be injured by the fraudulent concealment or transfer.

It is insisted, that these instructions were immaterial, for the jury must have regarded the plaintiffs as continuing to be creditors, or they would have found, that neither of the defendants were guilty.

The answer made to this argument by the counsel for the plaintiffs, appears to be satisfactory. Some of the jurors may have come to the conclusion to render a verdict in favor of the defendant, Ayer, on the ground, that the plaintiffs had not continued to be creditors, and others for a different reason, while all the jurors did not come to the conclusion, that they had not continued to be creditors, and thereby prevented any agreement with respect to the other defendant. A strong probability that this was not the case, will not obviate the difficulty. It should appear to be morally certain, that erroneous instructions have not been injurious, before the party aggrieved can be deprived of a new trial.

A question is presented, whether in actions of tort, one of two defendants, pleading separately, may be acquitted, when the jury are unable to agree, respecting the guilt or innocence of the other.

There would seem to be no doubt, that a court should allow a verdict of acquittal in such case, to be effectual, unless prohibited by well established rules and forms. The pleadings may in such actions, present different issues, to be determined by different kinds of testimony. In a case like the present, one might rely upon a plea of not guilty, and another upon a former judgment, as a bar. And there would seem to be little utility or propriety in requiring the one, who exhibited a legal bar to the suit against him, to continue to be a party to a prolonged litigation, until a jury might be able to agree respecting the guilt of the other.

It is said in argument, that although there may be different issues, there can be but one verdict, and that one must find all the issues. Neither part of this proposition can be maintained without admitting exceptions.

The well established doctrine, that one, against whom no sufficient testimony has been introduced to authorize a jury to find him guilty, may be acquitted before the case is submitted to the jury, respecting the other, disproves the position. There must in such case, be two verdicts. There is a difference of opinion, when and under what circumstances such an acquittal may take place, but none respecting the general doctrine. *Lowell* v. *Champion,* 6 Ad. & El. 407 ; *Moore* v. *Eldred,* 3 Hill, note a ; *Domineck* v. *Eacher,* 3 Barb. 17.

If the jury find one or more of several issues submitted to them, which are decisive of the rights of the parties, and are unable to agree respecting others, their verdict may be received. *French* v. *Hanchett,* 12 Pick. 15 ; *Sutton* v. *Dana,* 1 Metc. 383.

In the case of the *Commonwealth* v. *Wood & als.* 12 Mass. 313, the jury agreed to find one not guilty, and could not agree respecting the others.

The objection was made, that their verdict should not be received, without a decision of the whole matter committed to them, but the court received their verdict respecting one, and ordered the indictment to be continued for a trial of the others. Greater technical accuracy is usually required in criminal, than in civil proceedings.

By allowing a verdict of acquittal of one defendant in an action of tort, who has pleaded separately, when the jury are unable to agree respecting others, the court performs an act of justice towards him, without infringing upon the rights of others. *Exceptions sustained, verdict set aside,*

*and new trial granted.*