## Case No. 14,920.

### UNITED STATES v. DAVENPORT.

[Deady, 264.] 1

District Court, D. Oregon.  May 17, 1867.

INDICTMENT — VERDICT — COUNTS — DISCHARGE OF JURY.

1. An indictment, in which there is a joinder of offences or offenders, so far as the jury are concerned, is to be considered as a several one as to each of such offences or offenders.

2. When an indictment contains two or more counts upon distinct offences or upon different

1 [Reported by Hon. Matthew P. Deady, District Judge, and here reprinted by permission.]

statements of the same offence, the jury may find a verdict of guilty or not guilty upon any or all of such counts, and if there is any count upon which they are not agreed, they may be discharged without giving a verdict thereon; and such count will stand for re-trial.

[Cited in Ex parte Hibbs, 26 Fed. 427.]

[This was an indictment against Isaac A. Davenport, for perjury.]

Joseph N. Dolph, for plaintiff.
William W. Page, for defendant.

DEADY, District Judge. The defendant in this action was indicted for the crime of perjury, committed in swearing to his income returns for the years 1864 and 1865 respectively. The indictment contained two counts—the first upon the affidavit to the return for 1864, and the second upon the affidavit to that of 1865. Upon the trial the jury returned a verdict of "not guilty" as to the first count, and then and there stated to the court that they were unable to agree as to the second one. The court received the verdict and discharged the jury.

The defendant now moves for judgment of acquittal generally upon this verdict, and that he be discharged. No direct authority is cited in support of the motion, but counsel for defendant claim that a verdict of not guilty upon one count in an indictment, is in legal effect, equivalent to a verdict of not guilty upon all the counts therein. In support of this position the case at bar is likened to one where the jury convict on some counts and are silent as to others. In such cases it is said that the weight of modern authority is, that the verdict is equivalent to not guilty as to the counts concerning which the jury are silent. But the authorities are not uniform on this point, and the rule appears to have been "that if distinct offences are charged in separate counts of the same indictment, the verdict must expressly find the defendant either guilty or not guilty upon each count, or no judgment can be rendered." 2 Lead. Cr. Cas. 503. But in the case under consideration the jury are not silent as to the other counts, but state expressly, that as to such count they cannot agree to a verdict either way. The case of Campbell v. State, 9 Yerg. 333, is cited and relied upon by counsel for defendant. But there is no analogy between that case and this. There the indictment contained three counts. The crime charged was the larceny of a bank note. The jury found the defendant guilty as to the second count, and not guilty as to the first and second ones. On motion of the defendant, the verdict was set aside and a new trial granted. Whether the order of the court setting the whole verdict aside, went beyond the motion of the defendant, does not appear. On the second trial, the defendant was found not guilty as to the first and second counts, and guilty as to the third one. Judgment was given accordingly. On review, the court held, that

the defendant having been found not guilty as to the third count on the first trial, could not be tried on that count again, and reversed the judgment. All that this case decides is, that a verdict in favor of a defendant cannot be set aside, even upon his own motion, and that if it is, and he is subsequently convicted on the same count upon which the verdict set aside was found, it is erroneous. In Morris v. State, 1 Blackf. 37, the defendant being found guilty on one count of an indictment, and not guilty as to the other, moved for a new trial. The motion being allowed, the whole verdict was set aside and the defendant put upon trial on both counts.

The defendant, Davenport, is charged with two distinct offences. Being "of the same class" they are properly joined in the same indictment. 10 Stat. 162. The jury have found a verdict upon one count—as to one offence—and disagreed as to the other. It is believed that no authority can be found for holding such a verdict to be equivalent to an acquittal on both counts. There can be no pretence that justice to the defendant requires that it should. The general rule seems to be, that for all the purposes of a verdict, an indictment, in which there is a joinder of offences or offenders, is to be considered as a several and separate one, as to each of such offences or offenders. The jury may therefore find a verdict of guilty or not guilty as to some, and no verdict as to others, because they cannot agree thereon. In Com. v. Wood, 12 Mass. 313, two persons were jointly indicted and tried for larceny. The jury came into court and suggested that they had agreed upon a verdict as to one of the defendants, but were unable to agree as to the other. Objection was made by the attorney general, to receiving a verdict unless upon the whole matter. But the court polled the jury, and they answered that they found Wood not guilty, but could not agree as to the other. The verdict was received and Wood discharged, but as to the other defendant the indictment was continued for re-trial. In that case there was a joinder of offenders, while here there is a joinder of offences. But in my judgment this difference in the facts makes no difference in the principle. The analogy between the two cases is complete. In the note to Campbell's Case, 2 Lead. Cr. Cas. 502, the subject of separate counts in an indictment is discussed. It is there maintained, that the separate counts in an indictment are to be treated as separate indictments, whether they are upon distinct offences in fact, or upon different statements in the same offence. Speaking of an indictment containing two counts, the note says: "The jury may be discharged from the consideration of a count upon which they are not agreed, returning a verdict only upon the other." This rule appears both just and practical, and it meets this case exactly. The defendant has been

tried for two similar offences. The jury have found him not guilty as to one, but as to the other they were unable to agree. To have refused to receive this verdict would have been unjust to the defendant who was thereby acquitted of one of the charges, but to receive it and then treat it as a verdict of not guilty as to both counts, would be equally unjust to the prosecution.

As to the second count there is no verdict. The jury were unable to agree concerning the guilt or innocence of the defendant as to the crime therein charged. The indictment as to this count stands for trial as if a jury had never been impaneled in the action.

Judgment for defendant upon the first count of the indictment, and motion denied as to second one.