ROBERT GREENE AND BENJAMIN F. GREENE, *v.*
JAMES M. WHITE.

*Contract for Sale of Vessel—Breach—Measure of Damage.*

Where an action is brought to recover damage for a breach of contract, the Plaintiff will not be entitled to recover unless he prove that he has sustained damages.

Where the contract was for the purchase of a vessel at $3,000, and the freight thereof, earned upon the trip she was then making, if it was proved on the trial that the vessel and freight together were not worth $3,000, the Plaintiff could not be entitled to recover.

THIS action was brought upon a contract, of which the following is a copy.

" Agreement made thirteenth day of September, 1860, between James M. White, of the one part, and Robert Greene, and Benjamin F. Greene, of the other part, as follows: The said White hereby agrees to sell, to said R. and B. F. Greene, the schooner called the Lucy Orchard, her tackle, apparel, furniture and boat (now on a trip to Brighton), for the sum of three thousand dollars, and to deliver her and give a bill of sale of her to them, free of liens and encumbrances, on her arrival at Oswego, on the said R. and B. F. Greene paying to him, in cash, $250, and their promissory notes, payable as follows, viz.:

| One payable | January | 1st, | 1861, | for | $250, | with | interest. |
|---|---|---|---|---|---|---|---|
| " " | July | 1st, | " | " | 500 | " | " |
| " " | January | " | 1862 | " | 500 | " | " |
| " " | July | " | " | " | 500 | " | " |
| " " | Dec. | " | " | " | 500 | " | " |
| " " | July | " | 1863 | " | 500 | " | " |

" And the said R. and B. F. Greene, in consideration thereof agree, on the arrival of said schooner, and a delivery of a bill of sale of her, her tackle, apparel, furniture and boat, to pay and give their promissory notes to said White, payable as above. It understood by the parties that said R. and B. F. Greene are have the freight earned by said schooner on her present trip on

and back, they paying the expenses of the trip.    In witness where-
of, the parties have hereto subscribed their names the day and
year first above written."

                                        " J. M. WHITE,
                                          B. F. GREENE,
                                          ROBERT GREENE."

The Plaintiffs proved a tender of the money and notes, and a
demand of a bill of sale of the vessel, and a refusal by the Defend-
ant.    Evidence was given of the value of the vessel, ranging from
$5,000, as the highest estimate, to $2,500, as the lowest.    Evi-
dence was also given tending to show that the freight earned by
the schooner, on her then trip, exceeded her expenses.

The Judge charged the jury that the rule of damages, in regard
to the vessel, was the difference between the contract price for it,
and its actual value.    That if they should assess the value of the
vessel at the contract price, or less than that, then no damages
could be given to the Plaintiffs, on account of the vessel, but that
the Plaintiffs would nevertheless be entitled to a verdict for such
net freight as the jury should find had been made on the trip.

The Defendant's counsel requested the Court to charge the
jury, that if the value of the vessel, and the net freight together,
did not exceed $3,000, the Plaintiffs were not entitled to recover.

The Judge refused so to charge, and the Defendant excepted.

The jury found a verdict for the Plaintiffs for $700.

The General Term of the Fifth District affirmed the judgment
entered upon this verdict.

The Defendant appeals to this Court.

*A. Perry* for the Appellant.

*D. H. Marsh* for the Respondents.

HUNT, J.—The proposition " that if the value of the vessel, and
her net freight together, did not exceed $3,000, the Plaintiffs
were not entitled to recover," was sound, and the Judge erred in
refusing so to charge the jury.

The Judge erred in his charge actually made, " that if they
should assess the value of the vessel at the contract price, or less

than that, then no damages could be given to the Plaintiffs, on account of the vessel, but that the Plaintiffs would nevertheless be entitled to a verdict for such net freight as the jury should find had been made on the trip."

The contract for the purchase of the vessel and her freight was entire. The two subjects together were purchased, and sold, at the price of $3,000, and as one purchase and sale. There is no power or right of separation into parts. If the aggregate value of the vessel and her freight did not exceed the price agreed to be paid for them, then no damages were sustained by the Defendant's refusal to deliver.

That this charge was erroneous was also the opinion of the General Term of the Fifth District, the opinion being delivered by the same Judge who presided at the Circuit. The judgment was affirmed upon the ground, that although the charge was erroneous, it was overruled by the verdict of the jury, and that no injury was sustained by the Defendant in consequence of the error.

If it is possible that the Defendant was injured by this error, the verdict must be set aside.

It is not for the Defendant to show how, or to what extent he was prejudiced. The existence of the error establishes his claim to relief.

If the Plaintiffs wish to sustain the verdict, it is for them to show it did not, and could not have affected it (Thacher v. Jones, 31 Maine R. 528, 534; Lane v. Crombie, 12 Pick. R. 177; Clarke v. Dutcher, 9 Conn. R. 674; Camden & Amboy R. R. Co. v. Belknap, 21 Wend. 354; The People v. Wiley, 3 Hill, 194).

The Plaintiffs insist that this is established. They insist that if the jury did not find the vessel to be worth less than $3,000, then the latter portion of the objectionable charge—that the Plaintiffs would still be entitled to the value of the net freight—was not applicable. The contingency did not occur. The verdict of $700 is claimed to be conclusive evidence that the vessel alone was worth more than $3,000; as no witness put the value of the freight at more than about $200. This may be true, and I think

it quite probable that it is. It would, however, be unsafe to disregard an admitted error on this theory. No one can certainly say how the minds of individual jurors are affected, or how a united result was reached.

The fact, as charged by the Judge, that the parties had themselves, by their contract, fixed the value of the vessel at $3,000, was evidence that it was worth that sum.

There were conflicting valuations by different witnesses, ranging from $2,500 to $5,000. Can any one undertake to say that some juror was not influenced by this statement, and, in consequence thereof, added one hundred or two hundred dollars to the sum he was willing to agree upon as a verdict, more than he would otherwise have done? With the Defendant striving to show that the vessel was worth but $2,500, and the Plaintiffs claiming a larger sum, it would be rash to say that an assertion by the Defendant, deliberately made, and in writing, that the vessel was worth $3,000, did not weaken his case, and strengthen that of the Plaintiffs.

The Judge, in substance, charged that the Defendant had so asserted and agreed.

New trial should be ordered.

Reversed.