White, J.
This case comes before the court on a bill of exceptions filed on behalf of the State under section 158 of the criminal code. 66 O. L. 310. Section 160 provides that the judgment of the court below shall not be reversed, nor in any manner affected; but the decision of this court shall determine the law to govern in any similar case which may be pending at the time the decision is rendered, or which may afterwards arise.
The defendant was twice tried on an indictment charging him, in a single count, with murder in the first degree. The first trial resulted in a verdict finding him guilty of murder in the second degree; the second trial, in his conviction of manslaughter.
On his motion a new trial was granted in both instances. After the first new trial was granted, he interposed as a plea in bar of his further prosecution for murder in the first degree, the fact of his acquittal of that degree of homicide by the first verdict; and on demurrer by the State, the plea was held good, and the second trial was confined to murder in the second degree, of which he had been found guilty, and to manslaughter.
*576 The question for decision, therefore, is, whether the legal effect of granting the new trial was to set aside the whole verdict, and leave the case for retrial upon the same issues on-which it was first tried; or, whether the retrial was properly limited by the court to the degree of homicide of which the-defendant had been found guilty, and to the inferior degree-of manslaughter.
A new trial has been defined to be the re-investigation of the facts in a case; or rather, of the legal rights of the parties upon disputed facts. The term new trial, therefore, as applied to a jury case, has reference solely to an issue which has already been passed upon by a jury. 2 Grab. & Waton New Trials, 32.
In a civil case there would be no doubt, where part of the issue has been found for the defendant and he should obtain a new trial, that the whole issue would be re-opened for investigation on the second trial. And Mr. Wharton states, in-his work on Criminal Law, that in this country the uniform and unquestioned practice, down to a comparatively late period, has been to extend to criminal cases, so far as the revision of verdicts is concerned, the same principles which have been established in civil actions. 2 Am. Grim. Law, § 3061. See also to the same effect, Hurley v. The State, 6 Ohio, *403.
The ground relied on to withdi’aw criminal eases from the-operation of the general rule, is the provision in the bill of rights, which declares that no person shall “ be twice put in jeopardy for the same offence.”
.Though the existence of the power was once doubted, it is-now well settled that the'court has the power, at the instance-of the defendant, after a verdict of conviction, to grant a new trial, without infringing this provision of the constitution. 2 Story’s Oom. on the Const, of the U. S., § 1787; 2 Whart. Am. Grim. Law, § 3060 et seg. The power has been uniformly exercised in this State, when, in the judgment of the court, a proper case arose.
The constitutional provision extends the common-law maxim, which was limited to felonies, to all grades of offen *577 ces; and it is but the application, to the administration of criminal justice, of a more general maxim of jurisprudence,, that no one shall be twice vexed for one and the same cause. On this maxim rests the whole doctrine of res judicatm. The object of incorporating it into the fundamental law, was to-render it, as respects criminal causes, inviolable by any department of the government.
In the case now before us, if, after the granting of the new trial, the finding of the jury acquitting the defendant of murder in the first degree, stood as an adjudication of that fact, and had its full legal effect, it would preclude his retrial for any of the lower degrees of homicide.
Thus, “ an acquittal on an indictment for murder will be-a good plea to an indictment for manslaughter of the same person; and e converso an acquittal on an indictment for manslaughter will be a bar to a prosecution for murder; for in the first instance, had the defendant been guilty, not of' murder but of manslaughter, he would have been found guilty of the latter offence on that indictment; and in the second, instance, since the defendant is not guilty of manslaughter,, he cannot be guilty of manslaughter under circumstances of aggravation which enlarge it into murder.” Starkie’s Crim. PI. 357; 12 Pick. 504; Arch. Crim. PI. (old ed.) *p. 88 Rex v. Jennings, Russ. & Ry. 388.
But the effect of setting aside the verdict finding the defendant guilty, was to leave at issue and undetermined the? fact of the homicide; also the fact whether the defendant committed it, if one was committed. The legal presumption on his plea of not guilty, was of his innocence; and the burden was on the State to prove every essential fact. The only effect,, therefore, that could be given to so much of the verdict as-acquitted the defendant of murder in the first degree, after the rest of it had been set aside, would be to regard it as finding the qualities of an act while the fact of the existence of the act was undetermined. This would be a verdict, to the-effect, that if the defendant committed the homicide, he didi it without “ deliberate and premeditated malice.”
There can be no legal determination of the character of the* *578 malice of a defendant, in respect to a homicide which he is not found to have committed; or rather, of which, under his plea, he is, in law, presumed to be innocent.
The indictment was for a single homicide. The defendant •could, therefore, only be guilty of one offence, and could be subject to but one punishment. The degrees of the offence •differed only in the quo animo with which the act causing the homicide was committed. The question of fact-was whether a criminal homicide had been committed, and, if so, whether the circumstances of aggravation were such as to raise it above the grade of manslaughter. If the finding as to the main fact be set aside, the finding as to the circumstances necessarily goes with it.
The same view is evinced by the crimes act, which defines the different-degrees of criminal homicide. Section 39 provides, that in all trials for murder the jury shall, if they find the prisoner guilty, ascertain in their verdict whether it be murder in the first or second degree, or manslaughter; and if the conviction be by confession in open court, the court shall proceed by the examination of witnesses to determine the degree of the crime. S. & O. Stat. 416.
It seems to us, therefore, that the necessary result of granting the defendant’s motion for a new trial, was to set aside the whole verdict; and this having been done at his own instance, it can neither operate as an acquittal, nor as a bar to the further prosecution of any part of the offence charged. Stewart v. The State, 15 Ohio St. 155.
The whole verdict being set aside in granting the new trial, we can discover no other ground on which to hold that the defendant was entitled to his discharge from so much of the indictment as charged him with murder in the first degree.
It is not the case of a discharge of. the jury for an insufficient cause and without the defendant’s consent. The jury were properly discharged on rendering the verdict. The new trial results necessarily from granting the defendant’s own motion.
In Hurley’s ease (6 Ohio, 400) the indictment contained three counts. The first charged him with murder in the first *579 degree; the second with- murder in the second degree, and the third with manslaughter. The record showed that the jury returned into court and reported that they had agreed that the defendant was not guilty on the first count; but that they could not agree on the other counts. The defendant moved the court to enter on the journal the verdict of the jury as to the first count, which the court refused. The supreme court declared there was no error; that “a verdict in either a civil or a criminal case, must be considered an entire thing ”: that the finding “ was in law no verdict, and the court did not err in rejecting it altogether.”
If the verdict could not be received without a finding as to the minor grades of offence, it is not perceived how it can stand and have effect after the finding as to these grades is set aside. And it is laid down as the general rule, that “ If the jury find only part of the issue, judgment cannot be entered on the verdict. It is void for the whole; and a venire de novo will be awarded.” 1 Grab. & Wat. on New Trials, 140; 2 Id. 1390.
The principle contended for on behalf of the defendant would equally apply to the setting aside a verdict finding a defendant guilty of petit larceny where the indictment is for grand larceny. The effect of the principle would be, that while the fact as to the body of the offence would be open to investigation on the second trial, yet the circumstance as to the value of the property would be res judicata, and conclusively settled by the first verdict.
The cases referred to by the defendant’s counsel, which hold that the party cannot, on the second trial, be again tried for the higher offence, do so on the ground that so much of the verdict as acquits the defendant of the higher grade of offence remains in full force.
But upon mature consideration we are of opinion that the verdict is severable only when there is a conviction or an acquittal on different counts for separate and distinct offences, or where there are several defendants; but that where there is but one defendant, and, in fact, but one offence, the verdict *580 is entire. Leslie v. The State, 18 Ohio St. 390; Jarvis v. The State, 19 Ohio St. 585.
In the last two cases the offence was set forth in several counts; and on the last trial the defendants were found-guilty on counts on which they had been acquitted on the-first trial. Leslie’s case was for murder; that of Jarvis for manslaughter. The new trials had been granted on the motions of the defendants, and it was held that the effect of' granting the new trial was to set aside the findings upon all the counts; that it was the same homicide, only laid in different ways. See Thompson’s ease, 2 East P. C. 515. Also, The State v. Commissioners, 2 Hill (S. C.) R. 239; The State v. Stanton, 1 Iredell R. 424; Morris v. The State, 1 Blackf. R. 37.
Where there are several defendants there may be different trials; but if there is only one trial, though the verdict bejoint or single in form, it is several in effect. Rex v. Mawbey, 6 Term R. 638; Starkie’s Cr. Pl. 387. In such case, if the jury agree as to some of the defendants, their verdict may be received, though they cannot agree on a verdict as to others 12 Mass. 313; 6 Serg. & R. 577.
Mr. Wharton, in noticing the cases which hold to the rule-adopted in the court below, states that such ruling has not been the uniform understanding in practice; and he gives as a striking illustration of this the address of Mr. JusticeGrier, of the Supreme Court of the United States, to a party of prisoners who applied for a new trial after having been convicted of manslaughter in the circuit court of the United States in Philadelphia, and in which the law was laid down-as now held by us. United States v. Harding et al., 1 Wall. Jr. 147; 1 Whart. Am. Crim. Law, § 550.
In Livingstorihs ease (14 Gratt. R. 593) the indictment was-in the usual form of a common-law indictment for murder, and contained but one count. On the first trial the defendant was found guilty of murder in the. second degree; but on his motion the verdict was set aside and a new trial'granted. On the second trial the verdict was for manslaughter. On this trial the jury were charged in the same terms as on the *581 first trial. In the court of appeals the judgment was reversed for errors in the ruling on the trial as to the admission of evidence. In the opinion of the court it is said: “ As, however, •on account of the errors in the ruling of the circuit court, which.we have already indicated, we have to reverse the judgment and remand the cause for a new trial, the question -does necessarily arise, whether upon such trial the prisoner may yet be legally tried and convicted of murder in either degree; or whether the circuit court is to be directed so to •modify the charge to the jury as to restrict their inquiry and finding to the offence of manslaughter.”
Daniels, J., after reviewing the case of Slaughter v. The State (6 Humph. R. 410), and the cases in a number of other States which seem to have adopted the reasoning of that case, was of opinion that “ the judgment should be reversed, so much of the verdict set aside as found the prisoner guilty of manslaughter, and the cause remanded for a new trial for manslaughter only.” But as the other judges did not concur in this view, the order directed to be entered was “ to reverse the judgment, set aside the verdict, and remand the cause for a new trial on the indictment, to be made on the indictment as it stands, and without any change in the usual charge to the jury.”
I shall not undertake to examine in detail the cases in some of the other States opposed to the views we have taken. It is sufficient to say we find the grounds on which they rest unsatisfactory, and we are unwilling to adopt them as correct expositions of the law of this State.
In our opinion the comf below erred in overruling the demurrer of the State to the plea of the defendant. But as the judgment rendered by the court below cannot be affected by this opinion, we state the following as the rule of law, which, in our judgment, ought to govern this and like cases : Where, on a trial for murder, the defendant is found guilty of a lower degree of homicide than the highest degree charged in the indictment, and, on his motion, a new trial is granted, the -effect of granting the new trial is to set aside the whole ver *582 diet and leave the case for retrial upon the same issues as on the first trial.
Scott, C.J., and Welch, Day, and MoIlvaine, JJ., concurred.