ROBERT WALL & DAVID HOWARD VS. THE STATE.

1. CRIMINAL LAW: *Joint indictment. Severance.*
   A motion for a severance, where two are jointly indicted, is always addressed to the sound discretion of the court; and an appellate court will not reverse for a refusal of that motion, unless an abuse of that discretion is shown.

2. SAME: *Power of this court to affirm as to one and to reverse as to the other of two jointly indicted.*
   Where two are jointly indicted, and a motion for a severance is refused, and both are found guilty, the record showing no evidence of guilt as to one, an appellate court can award a new trial to one and affirm the judgment as to the other.

ERROR to the Circuit Court of *Benton* County.

Hon. W. D. BRADFORD, Judge.

The plaintiffs in error were jointly indicted for larceny of one bale of cotton of the value of one hundred dollars. A motion was made for a severance, which was refused by the court, and they were put on trial jointly and both convicted. A motion for a new trial was made, and by the court overruled; and the case comes to this court on a writ of error.

The sole question considered by the court was, whether this court could award a new trial to one and affirm the judgment as to the other, or, must the judgment be reversed as to both?

*Kimbrough & Abernathy*, for plaintiffs in error:

The confessions of one, charged jointly with larceny, cannot

be taken against the other unless made in the presence of the other.

The motion for a severance should have been sustained, inasmuch as the guilt of Howard depended on the confessions of Wall in the absence of Howard. The challenge to the juror Aston should have been sustained. It is the duty of the court to see that an impartial jury is impaneled. The confessions of Wall were not voluntary. Browning v. The State, 1 George, 656 ; Lynes v. The State, 7 id., 617. As to the ownership of the property, Cohea v. The State, 2 S. & M., 227. The third charge for the state was irrelevant and tended to confuse, and was therefore properly refused. Evans' Case, 44 Miss., 762 ; Myers v. Oglesby, 6 How., 46 ; Powell v. Mills, 8 George, 691 ; Jarnigan v. Fleming, 43 Miss., 710. The verdict is not warranted by the evidence as adduced on the trial, and the judgment should be reversed.

*G. E. Harris*, Attorney General, for the state :

1. The error assigned as to the challenge of the juror Aston has no foundation in the record.

2. The discretion of the court below in overruling the motion for a severance will not be interfered with, unless for a flagrant abuse, it is not a matter of right. The act of 1862, p. 133, was repealed by act of 1871, p. 87.

3. The conspiracy was fully established. See 1 Greenl. on Ev., secs. 233–4, and cases cited.

4. The fourth and fifth assignments are the same. There is no error in the instructions given for the state. The alleged owner of stolen property need not have an absolute right in the property stolen. See 2 Bishop C. L., 5th ed., secs. 788 to 793. The instructions as to the recent possession of stolen goods are correct. See Davis v. The State, 50 Miss., p. 86. As to the doctrine of reasonable doubts, see Cicely v. The State, 13 S. & M., 202.

5. If the offense charged is larceny, and the facts proven establish a case of burglary, it includes larceny, provided the goods were taken as charged.

TARBELL, J., delivered the opinion of the court.

The plaintiffs in error, having been indicted, tried and convicted of the crime of larceny, seek in this court to obtain a reversal of the verdict and judgment against them, and a new trial. They assign for error the action of the court in overruling defendant's challenge to a juror; in overruling defendant's motion for a severance; in admitting evidence of the confessions of Robert Wall; in overruling defendant's motion for a new trial; and in overruling defendant's motion to set aside the judgment, and to grant a new trial.

The record has been carefully inspected, and there is not one particle of evidence as to the guilt of Howard.

As to the errors assigned, in their application to Wall, there is nothing in the record showing the challenge of a juror. A severance on the trial was a matter for the discretion of the court. No abuse of this discretion appears. The admissions or confessions of Wall are not shown to have been improperly obtained.

The motion for a new trial was based on the following grounds: In not granting the accused separate trials; in admitting illegal testimony; in granting instructions for the state; in refusing the fifth charge for defendant; misconduct of a juror; informality of verdict, in excluding evidence for defendants.

Of these grounds for a new trial it is only necessary to say that the record shows no illegal evidence given to the jury; the instructions for the state are not peculiar or objectionable, but such as are usual and proper in a case of larceny. The fifth charge for defendants, refused, asked the court to charge the jury that if a burglary was committed in order to reach the property stolen, then the accused should be acquitted of the larceny. The record contains no evidence of the misconduct of a juror; the verdict is formal, full and accurate. The record does not show that any evidence for accused was excluded.

There was a second motion for a new trial on the same grounds stated in the first, and on the further ground of newly discovered evidence.

This newly discovered evidence is exceedingly vague and un-certain, and the affidavit is quite unsatisfactory.

Comparing the assignment of errors and the brief of counsel with the record, there is between the papers in this case a wide discrepancy which is not understood.   Governed by the record, there is not, as heretofore stated, one word of evidence against Howard, while, as to the other, Wall, the record wholly fails to contain any mention of several of the matters assigned for error and discussed by counsel. No error is shown in the trial of Wall. There is error as to Howard.   The only question, therefore, for consideration is, Can this court award a new trial to one and affirm the judgment as to the other; or must the judgment be reversed as to both ?   In reason, the answer to this question seems to be clear, though upon precedent, neither the text writers nor ad-judications afford, as at present observed, a definite solution.   All that is said in Bishop on Crim. Pr., is this : "§ 978. When two are jointly convicted, they may join in a writ of error to reverse the judgment."   For this rule, Sumner v. Com., 3 Cush., 521, is cited.

An inspection of that case shows that two were indicted ; one was convicted, the other acquitted.   Exceptions were taken by the one convicted, and the case taken by him to the supreme court, where it was said : "That in every indictment against two or more, the charge is several as well as joint; in effect, that each is guilty of the offense charged, so that if one is found guilty, judg-ment may be passed on him, although one or more may be acquitted.   There may be exceptions, as in case of conspiracy and riot, and perhaps some others, when the agency of two or more is of the essence of the offense."   This is the rule of all the cases.

Wharton's Am. Crim. L. furnishes no direct answer to the question propounded.   Archbold's Crim. Pl. and Pr. contains only this: "If the indictment be against two, and judgment against both, error may be brought by either; but it must be in the names of both.   But if upon an indictment against two, judg-

ment be against one only, then he may bring error in his own name alone." Vol. I., 199, side page.

In the case at bar the plaintiffs in error were jointly indicted, tried together, verdict against both, and a joint motion for a new trial, but there were separate petitions for writ of error.

Chitty, in his Cr. L., p. 661, says: "Nor, where the original indictment was against three, and the proceedings are removed as to one of them only, is it any defect that no notice is taken of the other defendants." This author cites Rex v. Royce, 4 Burr., 2086. Referring to this case, it is found, that it was objected, that "the court cannot pass a judgment upon *this* man, because the record is incomplete, for the jury are charged to inquire against *three*, and three have pleaded not guilty, but it does not at all appear what has become of the other two." To this objection the court say: "There was no need to take any notice of the other two. * * The cases of each are *several*. * * Therefore it was not necessary to return what was done as to the rest, or to take any notice of them."

If, of several persons indicted for criminal offense, some are convicted and others acquitted, there may be a new trial as to those who are convicted, without disturbing the verdict as to those who are acquitted. Rex v. Mawbey, 6 T. R., 619 ; Regina v. Gompertz, 58 Eng. Com. L., 823.

Where several are jointly indicted for murder, the jury may find the defendants guilty of different grades. Mask v. The State, 32 Miss., 405. And, where there is a verdict of acquittal of murder and guilty of manslaughter, a new trial will not disturb the verdict of acquittal. Hurt's Case, 25 Miss., 378. If there is a verdict brought in against one of two defendants, and the jury cannot agree as to the other, the court may receive it as to the other. 12 Mass., 313; 2 Ired., 101. And, one may be acquitted, while the others are convicted, or while the charge remains open as to them. 1 Greene (Iowa), 392 ; 1 Ch. Cr. L., 639. Where several are jointly indicted and convicted, the rule is to sentence them severally, and a joint sentence is error. This is

the general rule.   1 Bish. Cr. Pr., § 974; 1 Am. Cr. L., § 434, p. 267.

Though persons are jointly indicted, they are not necessarily to be tried together, this being a matter within the judicial discretion of the court; and if, when the indictment is joint, only one of the defendants is put on trial, he cannot object; and, should it appear in proof that he was the only one concerned in the commission of the offense, still there may be a verdict and judgment against him, the same as though he were indicted alone.   1 Bish. Cr. Pr., § 223.

In The State *v.* Covington et al., 4 Ala. (N. S.), 603, which was an indictment for a conspiracy, it was held that *each* might insist, after verdict, that he was improperly or irregularly convicted.

And see, further, 1 Am. Cr. L., § 434; id., § 793; 3 id., § 3195; id., § 3228; id., § 3230.

Any defendant, within the proper time, may apply for a new trial.   3 Am. Cr. L., § 3228.

Our Code, § 2841, provides that, " All persons who shall be convicted of any offense in any of the circuit courts in this state, are entitled to an appeal or writ of error, as a matter of right."

The case at bar is narrowed to this :   Ought the circuit court to have sustained the verdict as to one and granted a new trial to the other accused ?   We answer in the affirmative, and proceeding to render such judgment as the court below ought to have rendered, the judgment is affirmed as to Wall, but reversed as to Howard, to whom a new trial is awarded.