### Jesse Malone *v.* State of Mississippi.

1. Criminal Procedure. *Joint indictment. Separate trials. Felony.*

    The granting of a continuance to one of two persons jointly indicted for felony does not entitle the other to a postponement of his trial.

2. Same. *Severance. Code* 1892, § 1417. *Common law.*

    Code 1892, § 1417, giving the right of severance to a defendant in a joint indictment for felony, if seasonably applied for, does not otherwise change the common law.

3. Criminal Law. *Assault.*

    A defendant who fires a gun in such manner and so near another as to cause that other reasonably to apprehend danger of being shot, or that he is the object fired upon, is guilty of an assault.

From the circuit court of Attalla county.

Hon. William F. Stevens, Judge.

Appellant and another person were indicted jointly for an assault with intent to kill and murder. The section of the code mentioned in the opinion is in these words:

"1417 (3068). *Joint indictments; severance in felonies.*— Any of several persons jointly indicted for a felony may be tried separately on making application therefor before the order for a special venire in capital cases and before arraignment in other cases."

The opinion states the facts.

*C. H. Campbell,* for appellant.

The right to a separate trial, where two or more are jointly indicted for a felony, is given to a defendant. Code 1892, § 1417. The state has no right, having elected to indict jointly, to force a severance on defendants, or either of them. Yet, in this case, when one of the defendants was granted a con-

tinuance, the state then urged and procured an immediate trial of appellant, thus by indirection securing a separate trial of appellant, forced a severance upon him. Can the prosecutor by indirection do what cannot be done directly?

The appellant's co-defendant was accounted for; a continuance was granted because of illness. This, unless appellant asked a severance, carried over the entire case.

The evidence in this case disproved, rather than established, the commission of an assault by appellant. An assault, as defined by this court, is an attempt or offer with force or violence to do a corporal hurt to another. · Whether from malice or wantonness, intention to do injury is essential. *Vaughn* v. *State,* 3 Smed. & M., 553; *Morman* v. *State,* 24 Miss., 54; *Smith* v. *State,* 39 Miss., 521. The appellant was guilty of disturbing religious worship, but did not commit the crime for which he was indicted, or the constituent crime of which he was convicted.

Argued orally by *Wiley N. Nash,* attorney-general, for appellee.

TERRAL, J., delivered the opinion of the court.

Press Malone and Jesse Malone were jointly indicted in the circuit court of Attalla county, and it was presented that they with guns, in and upon a large number of persons assembled for religious worship, to wit: Ike Roly, Bunch. Harmon, Bill Culpepper, and many other persons whose names are to the grand jurors unknown, feloniously an assault did make, and at and towards and against said persons did shoot said guns, etc., with intent, etc.

At the September term, 1899, of the court, Press Malone being sick, a continuance of the case was had as to him, and Jesse Malone was put upon his trial, over his objection to being tried in the absence of his co-defendant, which he claims op-

---

---

erated as a severance, and which he says the court cannot effect without the assent of the person tried.

It was in evidence that Roby, Harmon, and Culpepper and many other persons were assembled at night under a tent for religious worship, and there was evidence tending to show, and sufficient, if credited, to sustain a conviction, that Jesse Malone rode up within about one hundred yards of the tent, and there fired a Winchester rifle towards it, knowing the congregation to be there assembled, and that the ball passed over the tent some twenty or thirty feet, by which the congregation was greatly disturbed and broken up. The jury found the defendant guilty of an assault.

We see no error in putting Jesse upon trial in the absence of his co-defendant. At common law the trial court could sever the defendants for trial at its discretion. 1 Bishop's New Cr. Pr., sec. 1018; *Wall* v. *State,* 51 Miss., 396. Our statute, code 1892, § 1417, changes the common law to the extent of securing a severance to a defendant in cases of felony if seasonably applied for by him.

It is insisted while the defendant may be guilty of disturbing religious worship, yet the evidence cannot support a conviction of an assault. If the shot fired by Malone had struck any one of the congregation, it would have constituted an assault and battery, and the firing of the gun directly over the congregation and with such nearness to their persons as to raise in their minds reasonable apprehension of danger of being struck or of being the object fired upon, comes, we think, within the definition of an assault. Others errors are assigned, but we find nothing upon the face of the record to support them.

*The action of the court is affirmed.*