| 71 | 567 |
|----|-----|
| 82 | 513 |

## S. I. SOLOMON ET AL. *v.* THE STATE.

1. CONTINUANCE. *Discretion of trial court.*

   A judgment will not be reversed because of action on an application for a continuance, unless there was an abuse of sound discretion by the trial court.

2. SAME. *Illness of party. Discretion. Continuance refused.*

   Where a civil case has been twice postponed to later days of the term for defendant's accommodation, and on its third call an application for a continuance is made because of his illness, and his attending physician, though testifying that he thinks it better for defendant to remain at home unless having imperative business elsewhere, declines to say that, in his opinion, any hurtful results would follow his appearance in court, a continuance is properly refused.

3. SUIT ON LIQUOR BOND. *Sale to intoxicated person. Instructions.*

   In an action on the bond of a retail liquor dealer for selling liquor to an intoxicated person, where the court instructs for plaintiff that, if liquor was so sold, plaintiff could recover, and for defendant that it must be shown that the seller knew, or had good reason to believe, that the purchaser was intoxicated, the defendant cannot complain.

4. JUROR. *Remote relationship to party. New trial refused.*

In such case where, after trial, it is found that one of the jurors was a "fifth or sixth cousin" of the informer, who is entitled to half the recovery, no challenge having been made, and no questions propounded to the jurors as to relationship, a verdict for plaintiff, otherwise unquestionable, will not be disturbed.

FROM the circuit court of Lauderdale county.

HON. S. H. TERRAL, Judge.

Action against S. I. Solomon, principal, and Joseph Baum and Louis Rosenbaum, sureties, for breach of the bond of Solomon, who was a retail liquor dealer. The alleged breach is that said Solomon sold intoxicating liquor to the husband of Mrs. Curtis, the informer, while her husband was intoxicated. The sale was made November 20, 1891. The suit was brought in July, 1892, returnable to the January term, 1893, and was tried at that term. The defendant, Solomon, was not present. The sureties made an application for a continuance, based upon their affidavit, alleging that he was sick and unable to be present; that they could not safely go to trial in his absence; that they had a meritorious defense, which could only be shown by Solomon; that Solomon was present at the time of the alleged sale, and would testify that no liquor was sold plaintiff's husband while he was intoxicated; that no other person was present except the clerk of defendant, who was then dead; that Solomon, the principal defendant, resided in Meridian, and desired to be present at the trial, and would be present at the next term, and that his presence was necessary to aid counsel in examining witnesses.

In opposition to the application, it was shown that Mrs. Curtis, on whose information the suit was brought, was poor and had little children; that she resided at that time in Jackson, Miss., and would not be able to attend the next term of court. The motion was overruled, and defendant excepted. The further facts as to this are stated in the opinion.

Among others, the following instruction was given for

defendants: " The jury are instructed that, unless the bar-keeper knew, or had good reason to believe, that Curtis was drunk at the time of the sale, they must find for the defend-ants, which fact must be determined by the jury from the evidence."

The following instruction asked by defendants was re-fused: " The court instructs the jury that intoxicated means drunk, and that, in order to find for the plaintiff, the jury must believe that the seller of the liquor to Curtis had good reason to believe, at the time of such sale, that he was intox-icated, and, unless the plaintiff has proven to the satisfaction of the jury that Curtis, at the time he purchased the liquor, so acted or appeared in the presence of the party who sold him the liquor as to give him good reason to believe he was at the time intoxicated or drunk, they must find for the de-fendants."

Plaintiff recovered. Motion for new trial overruled. De-fendants appeal. The opinion contains a further statement of the case.

*Walker & Hall*, for appellants.

1. Under the showing made, the continuance should have been granted, unless the reasons assigned were fabricated. A party has the constitutional right to be present and to be heard by himself as well as counsel. The absence of Solo-mon was calculated to prejudice the jury. His presence and aid might have brought about a different verdict. His ab-sence operated as a prejudice against his co-defendants. There was nothing which tended to show that such absence was in any respect their fault. The case was tried at the re-turn-term. True it was not tried on the day it was first called. This was because of the absence of counsel when Solomon was then in court. There is nothing to show an imperative necessity for the trial at that term. The fact that Mrs. Curtis was poor, and could not be present at the next term, was not a ground for refusing the continuance. We

submit that manifest injustice was done by forcing the defendants to trial, and that it is a proper case for this court to interfere. 25 Miss., 121; *Sellars* v. *Kelly,* 45 *Ib.,* 323; *Vanderburg* v. *Campbell,* 64 *Ib.,* 89 ; *Porter* v. *State,* 3 Lea (Tenn.), 496.

2. The law is that the testimony must show that the seller of the liquor knew, or had good reason to believe, that the person to whom he sold was intoxicated. *Whitton* v. *State,* 37 Miss., 379. Here there is no testimony whatever to show that the clerk, who it is alleged sold the liquor, knew Curtis, or had ever seen him before. The inquiry is submitted whether the testimony is sufficient to show that he knew, or had good reason to believe, the man was drunk.

3. The court erred in the instructions for plaintiff. These authorized the jury to find for plaintiff, if the testimony showed merely that liquor was sold to Curtis while intoxicated. The testimony must go further, and show that the seller knew, or had good reason to believe, that the person was intoxicated. *Whitton* v. *State, supra.* These instructions are in direct conflict with those given for defendants, to the effect that, although the jury may have been satisfied from the testimony that liquor was sold to Curtis while intoxicated, yet the plaintiff could not recover unless the seller knew, or had good reason to believe, that he was intoxicated. On the point as to giving erroneous and conflicting charges, see *Railroad Co.* v. *Minor,* 69 Miss., 710.

4. The motion for a new trial should have been granted. The testimony showed that Gilbert, one of the jurors, was a cousin to Mrs. Curtis. He told the fact to two of the other jurors during the trial, but said it made no difference. He was seen talking to Mrs. Curtis just before he went into the jury-box. The absence of Solomon, his importance as a witness, the representations to the court in behalf of Mrs. Curtis against a continuance because of her poverty, etc., all this biased the jury against defendants. Add to this the fact that one of the jurors was her cousin, and it must appear that there was not a fair and impartial trial.

Taking into consideration the whole record, we submit that the ends of justice require a reversal. We refer the court to the following additional authorities: 4 How., 122; 8 Smed. & M., 452; 32 Miss., 309; 35 *Ib.*, 506; 45 *Ib.*, 683; 48 *Ib.*, 420.

*Hamm, Witherspoon & Witherspoon,* for appellee.

1. The trial judge had before him all the facts as to the continuance, and the refusal to grant the application was a matter within his sound discretion. The physician of Solomon would not state that he was too sick to attend the trial. It was shown that Solomon was not in the saloon at the time the liquor was sold, and hence his presence at the trial was not vitally important.

2. The relationship between Mrs. Curtis and the juror, Gilbert, was so distant that the latter did not know what it was, and, besides, the jurors were not asked the question as to whether they were related to the parties. We understand the rule to be that unless the relationship is within the fourth degree, there is no disqualification.

3. The verdict was fully sustained by the evidence. The court properly announced the rules of law in the instructions. If the law is that the bar-keeper must know. or have good reason to believe, that a person is drunk at the time the sale was made before a recovery can be had in a case like this, then that question was passed upon by the jury. The case against the defendants was overwhelming. It was even a stronger case than that of *Schullherr* v. *State,* 68 Miss., 227, where a recovery was sustained.

Woods, J., delivered the opinion of the court.

The action of the court below, in overruling appellant's motion for a continuance, should not be reversed, unless there was abuse of that discretion necessarily confided to the trial court in this decision, as in all others on points affecting methods of procedure only, for it is the abuse of discretion

alone which will authorize our active intervention.   We fail
to discover any evidence of such abuse of sound discretion
in the action complained of.   The hearing of the cause had
twice been postponed to later days of the trial term at the
request and for the accommodation of appellant.   When,
on the third call of the case, on the day agreed upon for
appellant's convenience, the motion for a continuance for the
term was presented, an effort was made to support it by the
evidence of the attending physician, but this evidence was
exceedingly general and inconclusive, and was not of that
character which clearly required the court to postpone the
trial to another term.   The appellant was free from fever,
was doing very well, had a good pulse, and was out of bed
and dressed, according to the testimony of the physician; and
the extent of his opinion as to danger to be apprehended by
appellant from an appearance in court was that that he
thought it would be better for appellant to remain at home,
unless he had imperative business elsewhere.   The physician,
though perfectly aware of the true condition of appellant,
declined to say that any hurtful results would attend upon
or follow appellant's appearance in court, in his opinion.
On this showing, it appears clear to us that the exercise of
discretion of the court below, in denying the application for
continuance, was rightful.

The second assignment of error is bound up in the first,
and is disposed of by what we have already said in passing
upon the first assignment.

The court, for the appellee, charged the jury that if appel-
lant, Solomon, sold liquor to appellee's husband when he, the
husband, was drunk, the verdict should be for the plaintiff;
and for appellants, the jury was instructed by the court that
the salesman who was shown to have made this particular
sale, must have had good reason to believe that the person
to whom he sold was intoxicated, and that unless the jury
was satisfied from the evidence that the salesman had such
good reasons for believing the buyer was drunk, the verdict

should be for the defendants. Clearly, the appellants have no ground for complaint. They received all they were en-titled to on this branch of the instructions.

On no other action of the court, in giving or refusing charges asked by either party, can be found any place for criticism.

The verdict was perfectly responsive to the law as given, and to the evidence as a whole. It is impossible to conceive of its having been otherwise. The proof is overwhelming, on every hand, that it was a flagrant disregard of the plain requirements of our law, which forbids sales of liquor to a drunken man. The verdict was a most righteous one. There was no error in the refusal of the trial court to set aside this righteous verdict and award a new trial.

The only room for contention as to the impartiality of the trial is to be found in the fact that one of the jurors who tried the case was found, after trial, to have been a " fifth or sixth cousin" of the appellee. Indeed, it appeared that the relationship was so remote as to be not distinctly namable. Even according to the rule of the ancient common law that kinship between the offered juror and either party litigant within the ninth degree, computing according to the civil law, is ground for challenge *propter affectum*, the juror com-plained of was not within the prohibited degree. But no challenge was made, and the great preponderance of the ev-idence which was permitted to be offered on this point, on motion for new trial, establishes the fact that the juror was not examined as to kinship at all. The fact of the remote relationship, it was permitted to be shown, was not volun-tarily disclosed by the juror, before his acceptance, because it was so remote the juror did not himself recall it. While verdicts should not be open to suspicion of having been in-fluenced by kinship, or other unfair means, we see no just cause for subjecting this verdict to any suspicion whatever. No influence was sought to be exerted by the juror in ques-tion, and it is incontrovertible that his verdict was not the

result of prejudice. No other verdict than the one returned could have been rendered by any honest man, on the evidence in this record before us, under the charges given by the court. The judgment must stand by way of punishment of the appellant, Solomon, and by way of warning to all others engaged in a dangerous traffic.

*Affirmed.*