24

WOODRUFF *v.* STATE.

Feb. 1, 1954

No. 38992 51 Adv. S. 106 70 So. 2d 58

*Stone & Stone,* Coffeeville, for appellant.

*John E. Stone,* Asst. Atty. Gen., Jackson, for appellee.

Kyle, J.

The appellant, Elmer Leon Woodruff, was indicted, tried and convicted in the Circuit Court of Grenada County on a charge of burglary, and was sentenced to serve a term of 15 years in the state penitentiary. From that judgment he prosecutes this appeal.

The indictment charged the breaking and entering of the dwelling house of R. L. Collins, which the proof showed was located on the east side of U. S. Highway No. 51, in the City of Grenada. The burglary occurred on the night of June 29, 1952, while Collins and his wife were away from home attending a church service. Mrs. Collins' 86-year-old mother was the only person in the house at the time the crime was committed. When they returned to their home about 9:30 o'clock p.m. they found that the house had been burglarized, and an iron safe, which contained several thousand dollars in cash and other valuable papers had been taken away. The safe was found by the police officers in a badly damaged condition several hours later near the roadway a few miles north of the City of Grenada. The safe had been opened and the money removed therefrom. The appellant was arrested about two months later by police officers in the City of New Orleans, and after being identified by two of the State's witnesses was returned to Mississippi to answer the charge alleged against him in the indictment.

There were other persons who were named in the indictment as codefendants, one of whom, Joe Grayer, testified as a witness for the State.

The appellant assigns only one error as ground for reversal on this appeal, and that is that the court erred in refusing to sustain the appellant's motion to pass the case, so that the appellant's attorney might have sufficient time within which to prepare the case for trial.

The record shows that the indictment was returned on January 27, 1953, the second day of the January term of the court. When the case was called on the following day, the appellant's attorney asked that the case be passed until a later day of the term; and the case was passed until Friday of the first week of the term. When the case was called again on Friday the appellant's attorney filed a written motion asking that the case be passed again so that he might have time to get in touch with persons in South Carolina and elsewhere. The court asked the appellant's attorney to state when he had been employed in the case. The attorney stated that he had been employed on Monday, January 19. The court then asked the attorney whether he could be ready for trial on Tuesday of the second week of the term, which would be February 3. The attorney replied: ''Well, your Honor, all I can say to you is I will do my best.'' The court then asked, ''When could you get ready?'' To that question, the attorney replied, ''Well, that would be a guess * * *.'' The court then asked the attorney whether he could be ready for trial by Wednesday of the next week. The answer was, ''I'll be honest with the court, I don't believe I can be ready by Wednesday of next week * * *.'' The court then asked whether the appellant's attorney cared to state what the testimony of the absent witnesses would be if they were present. The appellant's attorney stated in answer to that question that he did not know what witnesses he would want, or what the witnesses would testify to, if they were present. The court then overruled the motion.

We think that there was no abuse of discretion by the trial judge in refusing to grant the continuance. This

Court has held in many cases that the matter of granting a continuance is largely discretionary with the trial court, and that a judgment will not be reversed because a continuance is refused, unless there has been an abuse of sound discretion by the trial court. Solomon v. State, 71 Miss. 567, 14 So. 461; Lipscomb v. State, 76 Miss. 223, 25 So. 158; Williams v. State, 92 Miss. 70, 45 So. 146; 15 Ann. Cas. 1026; Ellis v. State, 198 Miss. 804, 23 So. 2d 688; Parker v. State, 201 Miss. 579, 29 So. 2d 910; Bolin v. State, 209 Miss. 866, 48 So. 2d 581.

 In requesting the continuance in this case the appellant made no effort to comply with the requirements of Section 1520, Code of 1942. The appellant did not set forth in his affidavit, and neither did his attorney state to the court, the facts which he expected to prove by the absent witnesses, if such witnesses could be found, or the names or places of residence of the absent witnesses. As the trial judge pointed out, the application for a continuance seemed to be based solely on a hope that the appellant or his attorney might find witnesses somewhere who would testify in his behalf. The witnesses that the appellant and his attorney had in mind, according to the statement of his attorney, were beyond the jurisdiction of the court, and no showing was made that there was any reasonable probability that such witnesses could be obtained at a later date.

The judgment of the lower court is therefore affirmed. Affirmed.

*McGehee, C. J.,* and *Hall, Lee* and *Holmes, JJ.,* concur.