HARDY v. STATE.

(Division A. Jan. 3, 1938. Suggestion of Error Overruled Jan. 31, 1938.)

[177 So. 911. No. 32734.]

**J. A. McFarland**, of Bay Springs, and **Welch & Cooper**, of Laurel, for appellant.

**Russell Wright**, Assistant Attorney General, for the state.

Argued orally by **Ellis B. Cooper**, for appellant, and by **Russell Wright**, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal from a conviction for the violation of section 788, Code 1930.

The evidence presents a case for the determination of the jury, including the credibility of the witness, Jake Windham, and no reversible error, if error at all, appears in the rulings complained of.

One contention of the appellant is that, under the State's evidence, he is not guilty of the crime defined by section 788, Code 1930, but only of a simple assault and battery. That section reads as follows: "If any person assault and beat another with a cowhide, whip, or stick, having at the time in his possession a pistol or other deadly weapon, with intent to intimidate the person assaulted, and prevent him from defending himself, he shall, on conviction, be imprisoned in the penitentiary not longer than ten years."

According to the evidence for the State, Jake Windham was on a public road when the appellant and G. R. Hardy appeared, the appellant being armed with a stick, and G. R. Hardy with a shotgun. G. R. Hardy pointed the gun at Windham and forced him to accompany the two into the woods, where he held the gun on Windham, forced him to discard his clothing, and lie down, while the appellant administered to him a severe whipping with the stick.

The appellant says that in order for the crime defined by the statute to be committed, the person who ad-

ministers the whipping must, himself, have a deadly weapon in his own possession and intend therewith to intimidate the person assaulted. There may be several answers to this contention, but one sufficient, such is this: G. R. Hardy was clearly guilty of the crime defined by the statute. He had the gun in his possession, and was guilty of the actual assault made on Windham by the appellant with his assistance. The appellant participated in the commission of the crime, and is punishable as a principal therein. "Each person present consenting to the commission of the offense and doing any act which is an ingredient in the crime, or immediately connected with it, or leading to its commission, is as much a principal as if he had with his own hand committed the whole offense." Wharton on Homicide (3 Ed.), p. 49, approved in McCoy v. State, 91 Miss. 257, 267, 44 So. 814, 817.

Affirmed.