## BLAINE *v.* STATE.

(In Banc. April 10, 1944. Suggestion of Error Overruled, May 8, 1944.)

[17 So. (2d) 549. No. 35390.]

**J. D. Guyton,** of Kosciusko, and **Henry L. Rodgers,** of Louisville, for appellant.

Greek L. Rice, Attorney General, by R. O. Arrington, Assistant Attorney General, and J. P. Coleman, of Ackerman, for appellee.

**Alexander, J.,** delivered the opinion of the court.

Appellant was convicted of an assault and battery under 2 Miss. Code 1942, Section 2011, Code 1930, Section 787, the relevant provisions of which are as follows:

". . . any . . . assault and battery . . . with any . . . means or force likely to produce death . . . in resisting . . '. any officer . . . lawfully attempting to arrest . . . any other person . . ." The assault was inflicted upon the town marshal of McCool while attempting to arrest one Sullivan.

The assignments of error include the refusal to give a peremptory charge, as to which we need say only that the testimony presented an issue for the jury. The other assignments may be discussed together. They involve the competency of the trial court to submit any issue other than that of simple assault.

The record shows that the defendant, together with some companions, was creating a disturbance in the Town of McCool. The chief offender was Sullivan, who, by his admission, was "really drunk." It was night-time and the offenders were continuing a drinking spree inaugurated earlier in the evening. As the disturbance became more vociferous, the town marshal admonished them to desist, whereupon he was vilely cursed and defied. Challenges were hurled, daring the officer to interfere. Whereupon, the marshal proceeded to the car, to which the offenders had repaired, and Sullivan was told that he was under arrest. Sullivan again defiantly cursed him and refused to submit. The officer was armed and carried his pistol in his hand. The defendant sought to dissuade the officer from effecting the arrest, promising· to take Sullivan home. Shortly thereafter, one of the party snatched at the officer's pistol which was accidently discharged, the bullet striking his assailant in the leg.

It was at this point that the defendant struck the marshal with his fist, knocked him down and jumped on him. There is testimony that the defendant was shod with "cowboy boots," and that when the marshal was knocked down upon the paved street, defendant beat, kicked and "stomped" him in the head and body with his feet. The defendant was twenty-two years old and the

marshal fifty-one. Their weight was approximately equal, the defendant having a slight advantage. According to the defendant's version, he "really let him have it and I really whipped him good and plenty and made a good job of it." When he learned during the brutal assault that one of the party had been shot, he "hit him a couple more licks."

The assault and battery being admitted and the verdict of the jury having resolved the issue of justification adversely to defendant, there survives only the alleged error in the instructions which authorize conviction for more than a simple assault. This point emerges from an instruction which authorizes conviction under the statute, upon a finding that the defendant assaulted the officer "with means or force likely to produce death." It is argued that a battery with hands and feet is not such means or force. Such contention would be cogent only in the event (1) such means were never likely to produce death; or (2) such means as here used were not so. Common knowledge, given point by convictions for murder in cases before this court, preclude assent to the first proposition. See Cooper v. State, 194 Miss. 592, 11 So. (2d) 207. Regarding the second alternative, it can be seen at once that there is involved a question of fact to be resolved according to the circumstances of each case. Conceivably, the means or force shown to have been used in a particular case could be adjudged at once inadequate both in a legal and a physical sense. We are not construing a statute dealing with a "deadly" or a "dangerous" weapon, nor with what is elsewhere termed "aggravated assault." The language here used is not technical and may not be accommodated to any legal formula. True, the means or force must at least be capable of producing death. This much was testified to by the attending physician. The verbiage of the statute appears not to have been selected hap-hazardly. It does not restrict the means to deadly weapons nor to an assault with intent to kill, nor does it require probability of death. The

word "likely" borrows meaning from both possibility and probability and stands midway their respective connotations. So defined, in all cases save those bespeaking absurdity, the responsibility for adjudging likelihood remains with the jury, which may be left free to give due weight to the parties, the place, the means used, and the degree of force employed. Appellant was granted an instruction allowing the jury to construe the means and force here used as falling outside the language of the indictment, and to render an optional verdict of simple assault. This alternative could not have been rejected had the jury not, by the employment of their common knowledge in the light of all the relevant factors involved, adjudged the defendant guilty as charged.

Affirmed.