DAVIS *et al. v.* STATE.

(In Banc.   Nov. 11, 1946.)

[27 So. (2d) 769.   No. 36207.]

J. M. Travis, of Meridian, and J. A. McFarland, Sr., of Bay Springs, for appellants.

**Greek L. Rice**, Attorney General, by **Geo. H. Ethridge**, Assistant Attorney General, for appellee.

Argued orally by **J. M. Travis**, for appellants, and by **Geo. H. Ethridge**, for appellee.

**McGehee, J.**, delivered the opinion of the Court.

The appellants, Harvey Davis and Emmit Sims, were jointly indicted, tried and convicted of grand larceny. Neither of them made application for a severance as is provided for by Secton 2514, Code of 1942. Upon the trial the State introduced a confession made by Harvey Davis to the sheriff, wherein he involved his codefendant, and the State also introduced a confession of Emmit Sims made to the owner of the stolen property wherein he involved his codefendant. Neither confession was made in the presence of the other defendant, and, threfore, the in-

troduction of each confession was objected to on that ground. The trial court sustained the objection as to the defendant in each instance who was not present, but admitted the same as to the defendant who gave the confession. The admission of each confession is assigned as prejudicial error as to the defendant who was not present at the time of the making thereof. But we are of the opinion that the trial court was not in error in that behalf. The State was entitled to make out its case against each of the defendants, and since they did not ask for a severance they were not entitled to more than to have the confession limited to the defendant who made the same.

It is next contended that it was error to grant the State an instruction which did not by its terms give the jury the authority to convict one of the defendants and acquit the other if justified under the evidence. The only instruction obtained by the State, other than the one as to the form of the verdict, was to the effect that if the jury believe from the testimony, beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis consistent with the innocence of the defendants, that they were guilty as charged in the indictment, the jury should so find. The defendants did not ask for an instruction on the right of the jury to convict one of the defendants and acquit the other, and therefore the trial court can not be put in error for not granting an instruction which was no requested by either the prosecution or the defense.

It is next contended that the testimony of the manager of the stock yards where the stolen yearling was sold should have been excluded because he was unable to say that the yearling purchased by the stockyards was the same one stolen from the pasture of the prosecuting witnesses. However, he was able to state the price paid for the yearling in the sum of $19.55, and this price corresponded with the amount that Harvey Davis told the sheriff that he received for the same. Moreover, neither of the defendants took the stand and denied having made these confessions, respectively, and since the proof is

ample in our opinion to establish both the corpus delicti and the venue of the crime, we find no reversible error in the case. The judgment of the trial court will, therefore, be affirmed.

Affirmed.

**Sydney Smtih, C. J.**, did not participate in this decision.