BOLIN, et al. *v.* STATE.

Division A.   Nov. 13, 1950

No. 37619  (48 So. (2d) 581)

**Ramon L. Burgess,** for appellants.

**Joe T. Patterson**, Assistant Attorney General, for appellee.

## Ethridge, C.

The four appellants, Frank Bolin, Curtis Bolin, S. D. Bolin, and Tom Woods, were tried and convicted at the October, 1949, term of the circuit court of Chickasaw County of assault and battery with intent to kill and murder W. D. King, a Mississippi State Highway Patrolman. The trial court sentenced the first two appellants to eight years in the state penitentiary, S. D. Bolin to four years, and Tom Woods to two years in that institution.

The Court has considered carefully all of the evidence in the case and does not believe that a narrative of it would be helpful. The jury was not manifestly wrong in its verdict, and, in fact, the Court is convinced that the

jury was manifestly correct in finding as it did. The charges were based upon a brutal assault and battery administered to the officer by Frank and Curtis Bolin on the afternoon of July 30, 1949. There is no substantial contradiction that they did it, nor of the nature and effects of the assault and battery. The jury was also justified in finding that S. D. Bolin and Tom Woods were co-conspirators and co-participants in the crime, assisting actively in its formulation and consummation, and were therefore principals therein along with the other appellants. Hardy v. State, 1938, 180 Miss. 336, 177 So. 911; McCoy v. State, 1909, 91 Miss. 257, 44 So. 814. The record shows that S. D. Bolin and Tom Woods drove by the jail in a car with the other defendants an hour before the assault; that they were present when the attack was being planned, and that their job was to prevent any interference during the attack; that they arrived at Hill's Service Station when the assault started; that Hill was told by one of them not to interfere in the fight; that when a billet dropped from King's pocket, Woods immediately picked it up; that S. D. Bolin went into the office of the service station when Hill and Cunningham were trying to revive King, and told King that if he did not have enough he could have some more; that they followed the fight closely; that S. D. Bolin borrowed from Tinsley a rubber hammer shortly before the fight and returned it about five minutes thereafter, and that this hammer was in his possession during the fight; and that Tinsley saw them parked across the street from Hill's place, and that they "ran hurriedly" to Hill's place immediately upon Frank and Curtis Bolin parking there. These and other factors would certainly authorize the jury to find that S. D. Bolin and Tom Woods were principals in this crime along with the other two appellants.

The jury was also justified in finding that not only did Frank and Curtis Bolin hit the officer with their fists and stomp on him and hit his head against the concrete by grabbing his hair but also that some heavy blunt instru-

ment was used in view of the testimony of the doctor. Moreover, ▆▆ ▆ whether the means used in the assault and battery were likely to kill is primarily a question for the jury. Blaine v. State, 1944, 196 Miss. 603, 17 So. (2d) 549.

There was a flat contradiction of the State's evidence by the testimony of the defendants on the issues of whether the officer had threatened Frank Bolin prior to the crime, and whether the officer had started the incident itself and the defendants were acting in self-defense. The defendants' credibility was impeached by the showing of several convictions of them of various crimes. The jury apparently did not accept their testimony on these issues.

The appellants say that the trial court erred in overruling their motion for a continuance. The crime occurred on July 30, 1949, and defendants were granted bond on August 10th. They were at liberty thereafter until October 25th, and their trial began on October 29th. The motion for a continuance was made on Thursday afternoon, October 27th. Shortly after the arrest of appellants, in July, 1949, they employed an attorney to obtain bail for them, but apparently for no other purpose. Their case was called on Tuesday morning, October 25th, and the trial judge passed the case until 1:30 that afternoon in order for the appellants to employ an attorney. ▆▆▆ It therefore appears that appellants were free under bond for almost three months, and it was their duty to exercise reasonable diligence in obtaining legal counsel. They could very well have anticipated an indictment at the approaching term of the circuit court, as was held in Goins v. State, 1929, 155 Miss. 662, 124 So. 785.

▆▆▆ Appellants' sworn application for a continuance also represented the absence of two material witnesses for them. However, it appears that the testimony of J. W. Maharry would have been cumulative only on the issue of what the patrolman notified the sheriff about Frank Bolin's condition on the night before the crime.

Three other witnesses testified for the appellants on this issue. Parker v. State, 1947, 201 Miss. 579, 29 So. (2d) 910. Appellants also averred that one W. E. Davis of Birmingham, Alabama, was an eyewitness, that they first heard of him when he telephoned one of their counsel early in the morning of October 24th; that they expected to prove by the witness that Tom Woods and S. D. Bolin took no part in the incident; that the other appellants used only their hands in the fight and no deadly weapon; that King had made a motion as if to draw for a pistol, and only then did Frank Bolin strike the patrolman; and that Davis had been warned by some unknown person not to appear and testify. In the first place, as stated by the trial judge, what Davis would testify to was hearsay, extremely vague and somewhat mysterious. On some of the aforesaid issues, his testimony would have been cumulative only. But more importantly, the appellants failed to exercise due diligence in undertaking to obtain the attendance of this witness. 17 C. J. S., Continuances, Section 46. No motion for a directed verdict or for a new trial was made. As early as 1885 in the case of Lamar v. State, 63 Miss. 265, the Court held that ▆▆ a defendant must use and continue to use diligence in obtaining the appearance of an absent witness, and on his motion for a new trial must present the witness to the court, or, if that is not practicable, he must secure their ex parte affidavits. To the same effect is Ware v. State, 1923, 133 Miss. 837, 98 So. 229. In Hinton v. State, 1936, 175 Miss. 308, 166 So. 762, 763, it was said to be necessary for applicants for a continuance "to follow it up by having the witnesses appear in court, or their affidavits, or a showing as to why the affidavits could not be had, as is required in Lamar v. State, 63 Miss. 265. This rule has been followed many times by this court".

Moreover, Mississippi Code of 1942, Section 1520, and the decisions interpreting that statute make the matter of granting a continuance one of discretion with the trial court. The statute provides that ▆▆ there shall be

no reversal of a case on that ground alone unless the court "shall be satisfied that injustice resulted therefrom". In view of these considerations, we are of the opinion that the trial court was correct in denying the motion for a continuance.

Appellants also say that the trial court erred in denying their motion for a severance. Mississippi Code of 1942, Section 2514, grants a right to severance if the application for it is made before arraignment in felony cases, except capital cases. Here the record clearly shows that the application for severance was made after the arraignment, and under those circumstances the granting of a severance is discretionary with the trial court. Malone v. State, 1900, 77 Miss. 812, 26 So. 968; Lifer v. State, 1940, 189 Miss. 754, 199 So. 107.

Appellants also complain about two instructions granted the State. The first instruction simply states the charge against all of the appellants in the substantial terms of the indictment, and the theory of a common plan under which the case was tried. The second is similar to others which have been approved many times by this Court to the effect that the jury does not have to actually know that the defendants are guilty in order to convict them, but may do so if the jury believes them guilty from all of the evidence in the case beyond a reasonable doubt. Sauer v. State, 1932, 166 Miss. 507, 144 So. 225; Allgood v. State, 1938, 173 Miss. 27, 161 So. 756.

We find no reversible error in the convictions, and the judgment of the court below is hereby affirmed.

Affirmed.

PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated the case is affirmed.

**Kyle, J.**, took no part in the consideration and decision of this case.