CECIL DUEITT, CURTIS HIGHSMITH & BUCK ALFORD *v.* STATE

No. 39832          November 7, 1955          83 So. 2d 91

W. S. Murphy, Lucedale, for appellants.

256

J. R. Griffin, Asst. Atty. Gen., Jackson, for appellee.

257

ETHRIDGE, J.

██ ██ Appellants, Cecil Dueitt, Curtis Highsmith and Buck Alford, were jointly indicted for and convicted of grand larceny of tung nuts, in the Circuit Court of George County. They first contend that the trial court erred in overruling their motions for a severance. They were arraigned and pleaded not guilty over two weeks before their motions for severance were filed. Although appellants had a right to severance by applying for it before arraignment, Code of 1942, Section 2514, the granting of it is discretionary with the trial court where application is made after arraignment. Bolin v. State, 209 Miss. 866, 873, 48 So. 2d 581 (1950). There is no showing that the circuit court erred in denying severance under the circumstances of this case.

██ ██ Alford signed a written confession, and in admitting it into evidence, the circuit court ruled that it was admissible only against the defendant Alford. The other defendants obtained an instruction to the jury that it could not consider any admissions in Alford's alleged confession in determining the guilt or innocence

of the other defendants. This was clearly correct. The voluntary confession of a codefendant cannot be admitted against the other defendants when such confession was not made in their presence and assented to by them, even though the several defendants are being tried jointly. However, the confession of one such defendant can be admitted against that defendant, with instructions by the court to the jury that it is only admitted against that one defendant and is not to be considered as evidence against his codefendants. 20 Am. Jur., Evidence, Section 493; 22 C. J. S., Criminal Law, Section 820, p. 1441. In Davis v. State, 200 Miss. 514, 27 So. 2d 769 (1946), the defendants were jointly indicted for grand larceny and were tried together. The confessions of each not made in the presence of the other but implicating the other were held to be admissible under the limitation that each applied only to the defendant who made it.

We also think that the evidence was sufficient to support the conviction of all of the defendants. The corpus delicti, or the fact that a crime was committed, was amply shown by the testimony of the owner of the tung nuts, Mrs. Dorsett, and her farm manager, Shotts. Their testimony and that of G. L. Ray as to the purchase by him of tung nuts from appellant Alford's uncle a day or so after the theft occurred, was sufficient to convince the jury that the tung nuts which were sold to Ray were the stolen property. And although this proof was not necessary, provided there was evidence to connect appellants with the theft, it served as significant circumstantial evidence of guilt.

Mrs. Jeanette Havard's testimony placed all three of the appellants near the scene of the theft on the night the jury could have concluded it occurred. It further warranted the jury in believing that Alford and Dueitt were in possession of Alford's truck that night near the little house where the tung nuts had been stored; that the truck was then loaded with heavy sacks similar to the

sacks in which the tung nuts had been stored by the owner; that shortly before Mrs. Harvard saw these appellants and the truck near the scene, she had observed the same truck and it was empty; that Highsmith and Weathersby left Mrs. Havard in the passenger car for about fifteen or twenty minutes that night, near the scene of the theft, and when they returned to the car and drove off she saw Alford and Dueitt working on Alford's truck in the middle of the road near the scene of the theft; and that all three of the appellants had participated during the intervening period in stealing the tung nuts. Although Highsmith denied the theft, his testimony concerning his activities when he was with Mrs. Havard that night corroborates her version as to most of their movements up to the time they left the market in Lucedale.

The jury was properly instructed as to the State's burden of proof in a case based upon circumstantial evidence. The question of the appellants' guilt or innocence was for the jury.

Affirmed.

*Lee, Kyle, Arrington* and *Gillespie*, JJ., Concur.