336 So.2d 1311 (1976)
Frank PRICE, III and Jerry D. Williams, Jr.
v.
STATE of Mississippi.
No. 49248.
Supreme Court of Mississippi.
September 7, 1976.
J.W. Kellum, Sumner, Tom T. Ross, Clarksdale, for appellants.
A.F. Summer, Atty. Gen., by Ben H. Walley, Asst. Atty. Gen., Jackson, for appellee.
Before GILLESPIE, ROBERTSON and LEE, JJ.
GILLESPIE, Chief Justice, for the Court.
Jerry D. Williams, Jr. and Frank Price, III, were jointly indicted, tried and convicted in the Circuit Court of Coahoma County of armed robbery and sentenced to serve terms of twenty-one years in the penitentiary.
The sole question is whether the court erred in overruling defendants' request for a severance. This question has two points of inquiry as hereinafter stated and discussed.

1. Is a separate trial a matter of right where two or more persons are jointly indicted for a felony?
Mississippi Code Annotated section 99-15-47 (1972) states as follows:

*1312 Any of several persons jointly indicted for a felony may be tried separately on making application therefor before the order for a special venire in capital cases and before arraignment in other cases.
On March 21, 1975, Rule 29 of the Uniform Rules for Circuit Courts of Mississippi was adopted in the following language:
The trial judge will have the discretion of granting or refusing a severance in all criminal cases where the death penalty is not involved.
The appellants rely on Greer v. State, 54 Miss. 378 (1877). In Greer the Court recognized that at common law the right to a separate trial was discretionary with the court, but held that "what the common law regarded as a privilege, to be granted or not at the pleasure of the court, is by this positive enactment converted into a right which the court cannot refuse." 54 Miss. at 380. The statute interpreted by the Court in Greer read as follows: "When two or more persons are joined in one indictment ... the court shall on application grant a severance, and permit them to be tried separately." Id. (Emphasis appearing in opinion.) However, since 1880 and at present the statute provides the defendants may be tried separately. In several cases since the statute was changed to its present form, the Court has used language indicating that severance is a matter of right if seasonable application is made. Thompson v. State, 231 Miss. 624, 97 So.2d 227 (1957); Dueitt v. State, 225 Miss. 254, 83 So.2d 91 (1955); Bolin et al. v. State, 209 Miss. 866, 48 So.2d 581 (1950); Malone v. State, 77 Miss. 812, 26 So. 968 (1900). However, in each of those cases the Court did not have squarely before it the question whether a separate trial was a matter of right; therefore, the statements in these cases were obiter dictum. We hold that the word "may" in section 99-15-47 should be given its ordinary meaning, and whether a severance should be granted is addressed to the sound discretion of the trial judge.

2. Did the trial judge abuse his discretion in overruling the motion for a severance?
In a conference in chambers, with all defense counsel present, the judge asked whether there was any conflict of interest between the two defendants and counsel for appellant Price stated: "As far as a conflict of interest we are of the opinion that it does not exist." Counsel for the defendant, Williams, remained silent. Absent a showing of prejudice there are no grounds to hold that the trial court abused its discretion.
Because Circuit Court Rule 29 made no change in the law, no question arises under the constitutional prohibition against ex post facto laws.
AFFIRMED.
PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.