373 So.2d 611 (1979)
Booker T. LANGSTON
v.
STATE of Mississippi.
No. 51401.
Supreme Court of Mississippi.
July 25, 1979.
*612 Edmund L. Baugh, Jr., Aberdeen, for appellant.
A.F. Summer, Atty. Gen. by Calvin Coolidge Williams, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and SUGG and WALKER, JJ.
PATTERSON, Chief Justice, for the Court:
Booker T. Langston was convicted in the Circuit Court of Monroe County for grand larceny and sentenced to five years in the custody of the Mississippi Department of Corrections.
There are two cardinal issues on appeal, the first being whether the trial court abused its discretion in denying the appellant severance and second, whether it committed error in admitting a statement of the codefendant into evidence.
On August 3, 1978, Billy Earnest, a Northeast Mississippi Coca-Cola Bottling Company, Inc. employee, parked his delivery truck in the alley behind Fred's Dollar Store in Amory, Mississippi. Earnest then absented himself from the truck to make a delivery to Wax's Seed Store. While returning to the truck, he noticed two individuals crossing the parking lot, one of whom was holding his hands in front of himself as though "toting something." Earnest became suspicious and when he observed the money bag he had left in the truck was gone, gave chase to the two individuals and called for assistance. An off-duty policeman joined in the pursuit and Langston was apprehended some short distance away.
At the scene of his capture Langston was asked the whereabouts of the money. After first denying any knowledge of it, he was asked again, and directed Earnest and the off-duty officer to the place where he had dropped the money bag. While they were retrieving it, appellant again fled the scene but was subsequently recaptured.
Sanderson, the arresting officer, testified that he had an occasion to talk with Emanuel Johnson, the coindictee and codefendant, on August 5, 1978, at the Aberdeen Police Station. Over objection of Langston, Sanderson was permitted to testify that Johnson told him he had brought Langston to Amory and left him in the vicinity of Wax's Seed Store on the day of the larceny. We note that counsel for the appellant had the opportunity to cross-examine Sanderson but elected not to do so.
Codefendant Johnson took the stand in his own behalf after the state had rested its case and was cross-examined by Langston's attorney.

I.

Did the trial court abuse its discretion in not granting the motion for severance?
We have often held the granting or denying of a severance when filed after arraignment is in the sound discretion of the trial court. Miss. Code Ann. § 99-15-47 (1972). Brown v. State, 340 So.2d 718 (Miss. 1976); Ivory v. State, 336 So.2d 732 (Miss. 1976); Dueitt v. State, 225 Miss. 254, 83 So.2d 91 (1955); Bolin v. State, 209 Miss. 866, 48 So.2d 581 (1950). From these authorities we are unable to state the trial court abused its discretion in denying severance.

II.

Did the court commit error in admitting a statement of a codefendant into evidence?
Langston contends the statement of the codefendant introduced by Officer Sanderson was prejudicial and should not have been admitted into evidence.
The record reveals that the appellant was not denied his right of confrontation of the witness as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. In Brown v. State, 340 So.2d 718 (Miss. 1976), this Court, followed *613 Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), and Nelson v. O'Neil, 402 U.S. 622, 91 S.Ct. 1723, 29 L.Ed.2d 222 (1971), in holding that when a jury hears statements made by the codefendant, the defendant must constitutionally have an opportunity to confront such a witness.
In Brown we set forth a procedural rule for use in the trial of codefendants. We did so because of the difficulties frequently arising because of the conflicting interests and rights of codefendants. The statement of one codefendant to a police officer implicating the other codefendant deprives the latter of the Sixth Amendment right of confrontation if the codefendant does not testify in his own behalf. A counter-constitutional difficulty arises if the offended defendant calls the other codefendant as his witness since the called witness has constitutional immunity from giving evidence against himself, creating a conflict which could be avoided by granting a severance or by observing the procedure enunciated in Brown. It follows:
[T]he trial judge should not admit, in evidence, incriminating statements of a codefendant (implicating the defendant) during the State's case in chief, since it could not be known whether the codefendant would testify after the State rested. The statement, if admissible, should be admitted only after the codefendant took the stand and was subject to cross-examination by the defendant, and, when admitted, the trial judge should immediately, and at such other times as the statement might be referred to, tell (orally instruct) the jury that the statement must not be considered against the defendant. Likewise, if so requested by the defendant, the trial judge must instruct the jury in writing. (340 So.2d at 721)
We reaffirm this procedure, believing it to be the better practice.
Presently, however, the appellant was given the right to confront the witness who gave the statement since the codefendant testified in his own behalf. Thus, the Sixth Amendment right of an accused to be confronted by the witnesses against him was not violated although the procedures set forth in Brown, supra, were not literally followed. Therefore, under the present circumstances we are unable to state the procedural departure was prejudicial error. Had the codefendant not testified, the cause would necessarily have to have been reversed.
Finally, Langston contends the corporation from whom the money was taken was not sufficiently identified. We reject this argument since Earnest described and identified the corporation by whom he was employed.
AFFIRMED.
SMITH and ROBERTSON, P. JJ., SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.