THOMAS, J., for the Court:
¶ 1. Gilbert and Lewis were convicted as co-defendants of burglarizing a residence in Copiah County and sentenced to twenty years and twenty-five years, respectively, in the Mississippi Department of Corrections. Gilbert and Lewis assert the following error:
I. DID THE TRIAL COURT ERR IN DENYING A MOTION FOR A SEVERANCE?
Gilbert also asserts the following error:
II. DID THE TRIAL COURT ERR IN DENYING A MISTRIAL BECAUSE OF EVIDENCE OF OTHER CRIMES?
Lewis also asserts the following error:
III. DID THE TRIAL COURT ERR IN DENYING A DIRECTED VERDICT OR A NEW TRIAL?
FACTS
¶ 2. The State called the following witnesses in establishing a case against Gilbert and Lewis.
*608 GREG DAVIS
¶3. Davis, an officer of the Copiah County Sheriffs Department, testified that on October 20, 1999, at approximately 1:40 p.m., he responded to a call about a burglary on Jack Johnson Road. Davis arrived at the Faulkner house to find the front door kicked in and evidence that items had been removed from the house.
DARRELL FAULKNER
¶ 4. Faulkner testified that his house on Jack Johnson Road was burglarized during the afternoon of October 20, 1999. He stated that his front door “was busted open” and a television, guns, a bow and arrow set and other various items had been taken from the house. He identified the photographs of these items and explained that the sheriffs department had returned them after apprehending Lewis and McGee. Faulkner testified that he did not know Gilbert or Lewis and he had not given anyone permission to enter his house on October 20,1999.
CURTIS JOHNSON
¶ 5. Johnson, one of Faulkner’s neighbors, testified that he approached a blue Datsun Z28 at the Faulkner house on October 20, 1999. Johnson saw these men in the Faulkner house and asked the person in the car what he was doing. The man mumbled in response. When the blue Datsun left the Faulkner house, Johnson began to chase the car in an attempt to get the license tag number. Johnson was not able to continue his pursuit of the car when it excelled in speed above ninety miles per hour. At the time Johnson discontinued his pursuit, the blue Datson was traveling north near Wyndale Road in south Jackson.
DENNIS MCGEE
¶ 6. McGee, who had already pled guilty for his participation in the burglary in the case at hand, testified that he accompanied Gilbert and Lewis into the Faulkner house on Jack Johnson Road and took rifles, televisions and other items. McGee identified Gilbert and Lewis as the participants with him in the burglary. He explained that they were driving a blue Datsun Z28 automobile. McGee stated that during the burglary they were spotted by a man driving “a white New Yorker” which began to follow their automobile. McGee explained that he was in the back seat of the automobile and Gilbert and Lewis were in the front. Shortly after losing the New Yorker that had been pursuing them, Jackson Police Department patrol cars began to pursue their automobile. When they arrived at a dead end of a street, they pulled over and began to run on foot. McGee and Lewis were apprehended by police officers who had joined in the chase. McGee identified a photograph of a blue Datsun Z28 as being the automobile they used in the burglary. McGee also identified the photograph of the guns, television and other items in the automobile as being items they had stolen from the Faulkner house.
LEE ROBINSON
¶ 7. Robinson, an officer of the Jackson Police Department, received a dispatch that a blue Datsun in his area had been involved in a burglary. Robinson located and pursued the blue Datson and called other police officers to surround the area. Robinson testified that there were three individuals in the automobile. Robinson pursued the Datson to a dead end of a road when the automobile stopped and three individuals exited the automobile and began to flee on foot. Robinson identified both Gilbert and Lewis as being occupants of the Datsun who exited the automobile and fled. Robinson identified the items shown at trial as being the guns, television, bow and arrow set and other various items found inside the abandoned blue Datsun.
*609 PERRY TATE
¶ 8. Tate, an officer of the Jackson Police Department, testified that he was involved in the foot chase of the defendants. He identified Gilbert as being one of the persons he apprehended and took into custody following the chase.
JOHN GOZA
¶ 9. Goza, an officer of the Copiah County Police Department, testified that he was called to Jackson to identify the automobile and items possibly involved in the burglary on Jack Johnson Road. Goza testified that the Jackson Police Department had in custody the blue Datsun Z28 involved in the burglary as well as the items that were stolen from the Faulkner house.
WILLIAM BROWN
¶ 10. Brown, an officer of the Copiah County Sheriffs Department, testified that Gilbert was in the sheriffs department on October 20, 1999, being questioned about the burglary of the Faulkner house. Brown testified that Gilbert stated that the Faulkner house on Jack Johnson Road was in Hinds County, rather than Copiah County, and he had burglarized a house in Copiah County. At this point, Gilbert’s attorney made a motion for a mistrial, claiming that Brown had referred to a second burglary. The State argued that the comment was a denial of having burglarized the Faulkner house in Copiah County and not a reference to another burglary somewhere else. The court agreed with the prosecution and denied the motion for mistrial.
¶ 11. At the conclusion of the State’s case in chief, Gilbert and Lewis moved for a directed verdict. The trial court found that the prosecution had made a prima facie case, and denied the motion. Gilbert and Lewis then called the following witnesses in their defense.
HENRY LEWIS
¶ 12. Lewis testified that he was not involved in any burglary. Lewis claimed that McGee had approached him about buying a Cadillac in Crystal Springs. Lewis accompanied McGee to Crystal Springs to see the Cadillac. Lewis claimed that this was the first time he had ever been in Copiah County. Lewis further explained that McGee stopped at a house to see “his bossman.” Lewis stated that McGee entered the house and returned to the automobile with “some goods” and put them in the automobile. Lewis stated that a white automobile pulled up and McGee jumped in the automobile and sped away. Lewis claimed that he ran from the automobile and from pursuing police because he was scared. He also denied knowing that the items found in the abandoned blue Datsun were stolen from the Faulkner house. Lewis stated that the only other person in the automobile with him was McGee. He claimed that he had never met Gilbert until he was placed in jail.
¶ 13. At the conclusion of the trial, Gilbert and Lewis were both found guilty of burglary. Gilbert filed a motion for a JNOV, which was denied.
ANALYSIS
I. THE TRIAL COURT DID NOT ERR IN DENYING A MOTION FOR A SEVERANCE.
¶ 14. Miss.Code Ann. § 99-15-47 (Rev.2000), states as follows:
Any of several persons jointly indicted for a felony may be tried separately on making an application therefor, in capital cases, before the drawing of special venire which is summoned to appear on the day the case is set for trial and in other cases, before arraignment.
*610 Further, it has been well established that “it is within the trial court’s discretion whether a severance should be granted.” Blanks v. State, 451 So.2d 775 (Miss.1984); Walker v. State, 430 So.2d 418 (Miss.1983).
¶ 15. The lower court’s refusal to grant a motion for severance is subject to review under an abuse of discretion standard. Lewis’ testimony, the only testimony offered by either defendant, did not tend to exculpate himself at the expense of his co-defendant. There was not a conflict of interests among the co-defendants. Nor did the balance of the evidence go more to the guilt of one defendant than to the other. It is evident that the lower court did not abuse its discretion by declining to grant severance. Duckworth v. State, 477 So.2d 935, 937 (Miss.1985). Further, neither defendant has successfully shown on appeal that they were prejudiced at the trial court level. Absent a showing of prejudice, there are no grounds to hold that the trial court abused its discretion. Price v. State, 336 So.2d 1311, 1312 (Miss.1976).
II. THE TRIAL COURT DID NOT ERR IN DENYING A MISTRIAL BECAUSE OF EVIDENCE OF OTHER CRIMES.
¶ 16. It has been established by the Mississippi Supreme Court that:
Wherever 404(b) evidence is offered and there is an objection which is overruled, the objection shall be deemed an invocation of the right to MRE 403 balancing analysis and a limiting instruction. The court shall conduct an MRE 403 analysis and, if the evidence passes that hurdle, give a limiting instruction unless the party objecting to the evidence objects to giving the limiting instruction.
Webster v. State, 754 So.2d 1232, 1240 (Miss.2000). See also Alford v. State, 760 So.2d 48, 52 (Miss.Ct.App.2000); Underwood v. State, 708 So.2d 18, 32 (Miss.1998).
¶ 17. The defense made an objection during the testimony of William Brown, claiming that Brown had mentioned a separate robbery that Gilbert had committed in Hinds County. However, it is quite clear from the record that Brown was explaining that Gilbert believed that he was in Hinds County, rather than Copi-ah County, when he participated in the burglary on Jack Johnson Road. There was only one crime discussed by Brown, that crime being the burglary on Jack Johnson Road. The fact that Gilbert was confused as to which county he was in had no influence or prejudice on his trial. This assignment is ludicrous.
III. THE TRIAL COURT DID NOT ERR IN DENYING A DIRECTED VERDICT OR A NEW TRIAL.
¶ 18. The decision to grant or deny a motion for new trial is discretionary with the trial court. McClain v. State, 625 So.2d 774, 781 (Miss.1993). In order to preserve the issue for consideration on appeal, the defendant must raise the issue that the verdict was against the overwhelming weight of the evidence as a ground for his motion for new trial. Howard v. State, 507 So.2d 58, 63 (Miss.1987). In Ford v. State, 753 So.2d 489, 490 (Miss.Ct.App.1999), we held that:
[i]n determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence presented as supportive of the verdict, and we will disturb a jury verdict only when convinced that the circuit court has abused its discretion in failing to grant a new trial or if the final result will result in an unconscionable injustice.
(citing Danner v. State, 748 So.2d 844, 846 (Miss.Ct.App.1999)). See also Turner v. *611 State, 726 So.2d 117, 125 (Miss.1998); Herring v. State, 691 So.2d 948, 957 (Miss.1997); Groseclose v. State, 440 So.2d 297, 300 (Miss.1983). “Any less stringent rule would denigrate the constitutional power and responsibility of the jury in our criminal justice system.” Hughes v. State, 724 So.2d 893, 896 (Miss.1998). “In determining whether a jury verdict is against the overwhelming weight of the evidence, the court accepts as true the evidence favorable to the State.” Wetz v. State, 503 So.2d 803, 812 (Miss.1987). See also McClain, 625 So.2d at 781; Van Buren v. State, 498 So.2d 1224, 1229 (Miss.1986). It has also been established that “the jury is the judge of the weight and credibility of testimony and is free to accept or reject all or some of the testimony given by each witness.” Meshell v. State, 506 So.2d 989, 991 (Miss.1987). See also Hilliard v. State, 749 So.2d 1015, 1017 (Miss.1999); Lewis v. State, 580 So.2d 1279, 1288 (Miss.1991); Gandy v. State, 373 So.2d 1042, 1045 (Miss.1979). We find the evidence in the case at hand to support the guilty verdict.
¶ 19, A motion for a directed verdict, request for peremptory instruction, and motion for judgment notwithstanding the verdict all challenge the legal sufficiency of the evidence. McClain, 625 So.2d at 778. “Since each requires consideration of the evidence before the court when made, this Court properly reviews the ruling on the last occasion the challenge was made in the trial court.” Id. at 778. This occurred when the lower court denied the motion for JNOV. Wetz v. State, 503 So.2d 803, 807-8 (Miss.1987). “If there is sufficient evidence to support a verdict of guilty, this Court will not reverse.” Meshell v. State, 506 So.2d 989, 990 (Miss.1987). See also Haymond v. State, 478 So.2d 297, 300 (Miss.1985); Fairley v. State, 467 So.2d 894, 902 (Miss.1985). The evidence here was more than sufficient to support the verdict.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF COPIAH COUNTY OF CONVICTION OF EDDIE GILBERT OF BURGLARY OF A DWELLING AND SENTENCE OF TWENTY FIVE YEARS AND CONVICTION OF HENRY LEWIS OF BURGLARY OF A DWELLING AND SENTENCE OF TWENTY YEARS ALL TO BE SERVED IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO COPIAH COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, and CHANDLER, JJ., concur.
BRANTLEY, J., not participating.